## MORTON C. FISHER

*v.*

## WILLIAM H. GREENE.

*Filed at Ottawa May 18, 1880.*

1. PRACTICE—*filing additional pleas.* Where leave is asked to file additional pleas eighteen months after the issues have been made up, and on the eve of the trial, there will be no abuse of discretion or error in refusing the same, especially where no affidavit is filed showing a reasonable excuse for the delay.

2. Where a defendant, after filing the general issue and a continuance of the cause has been had, discovers that he has a substantial defence not admissible under the general issue, he should at the earliest convenient day ask for special leave of the court to file an additional plea, so as not to take the plaintiff by surprise or delay the business of the court.

3. CONTINUANCE—*diligence to take deposition.* Where due diligence has not been used to procure the deposition of a party or witness, a motion for a continuance, based on the fact that such deposition has not been returned, is properly overruled.

4. EVIDENCE—*secondary.* Where an original paper is in the hands of a third person residing out of the State, and he refuses to attach the same to his deposition when taken, and requested so to do, a sworn copy taken by another person present, who attaches such copy to his deposition, is admissible in evidence.

WRIT OF ERROR to the Appellate Court for the First District.

Mr. H. G. LUNT, for the plaintiff in error:

The court erred in refusing the defendant leave to file amended or additional pleas. The right is given by statute. Rev. Stat. ch. 110, p. 737. It can not be said that a party has a legal right to that which a court has a discretion to grant or deny. *Tallman* v. *Hinman,* 10 How. Pr. 90. See,

also, on this point, *St. John* v. *West,* 4 How. Pr. 329; *Misch* v. *McAlpine,* 78 Ill. 507; *Thompson* v. *Sornberger,* id. 353; *Sidway* v. *Marshall,* 83 id. 438; *Teutonia Life Insurance Co.* v. *Mueller,* 77 id. 22; *Healy* v. *Charnley et al.* 79 id. 593; *Drake* v. *Drake,* 83 id. 526.

Since the adoption of the statute referred to, the discretion of the court is restricted. It applies not to the *allowance* of the amendment, but only to the *terms* to be imposed.

The court erred in refusing to continue the case. The affidavit shows the absence of material evidence, diligence on the part of the defendant to obtain it, and a complete defence to the suit. There is no precise measure or unit of diligence. See *Cole* v. *Choteau,* 18 Ill. 439; *Barbour* v. *White,* 37 id. 164.

The deposition was delayed by an officer of the court, and not by any act of the defendant. The commissioner in the *dedimus* was alone responsible for the delay. The rights of suitors should not be prejudiced by the acts of court officers. *United States* v. *Duane,* Wallace C. C. 5; *Marsh* v. *Hulbert,* 4 McLean, 364.

The court erred in admitting secondary evidence of the original power of attorney from Fisher to Heyer. *Governor* v. *Roberts,* 2 Hawks, 26; *Partridge* v. *Coates,* Ry. and M. 156; *Burton* v. *Payne,* 2 C. and P. 520; *Townsend* v. *Atwater,* 5 Day, 298; *Lewis* v. *Beatty,* 8 Mart. 287.

Messrs. PECKHAM & BROWN, for the defendant in error:

The refusal of the witness to annex the original power of attorney to his deposition, he being out of the State, authorized the introduction of secondary evidence. *Binney* v. *Russell,* 109 Mass. 55; *St. Louis Perpetual Life Insurance Co.* v. *Cohen,* 9 Mo. 417; *Brown* v. *Wood,* 19 id. 475; *Lunday* v. *Thomas,* 26 Ga. 544; *Hawley* v. *Burgess,* 22 Conn. 283; *Boone* v. *Dyke's Legatees,* 3 T. B. Mon. 533; *Burnham* v. *Wood,* 8 N. H. 334; *Beattie* v. *Hilliard,* 55 id. 435; *Gordon* v. *Searing,* 8 Cal. 49; *Forrest* v. *Forrest,* 66 Duer, 137; *Ralph* v. *Brown,* 3 Watts and Serg. 395; *Burton* v. *Driggs,* 20 Wall. 125.

On the general doctrine of the admission of secondary evidence of an original document which is shown to be in existence, but not attainable, counsel cited *Marston* v. *Downs,* 1 Adol. and Ellis, 31; *Doe* v. *Ross,* 7 Mees. and Welsby, 102; *Quilter* v. *Jorss,* 14 C. B. (N. S.) 747; *Alivon* v. *Furnival,* 1 Cromp. (Mces. and Roscoe) 277; *Mills* v. *Oddy,* 6 C. and P. 728; *Administrators of May* v. *May,* 1 Porter, 229; *Mauri* v. *Heffernan,* 13 Johns. 58; *United States* v. *Reyburn,* 6 Pet. 352; *Newton* v. *Chaplin,* 10 C. B. 350; *Eaton* v. *Campbell,* 7 Pick. 10; *Sayers* v. *Glossop,* 2 Exch. 410.

There was no error in refusing leave to file pleas of the Statute of Limitations. The case had been reached for trial, and it was nineteen months after the regular time for pleading had expired and the issues had been made.

The right to plead *de novo* has always rested in the discretion of the trial court, and it certainly can not be reviewed, except on showing of the grossest abuse. *Rich* v. *Hathaway,* 18 Ill. 548; *Clemson* v. *State Bank,* 1 Scam. 45; *Conradi* v. *Evans et al.* 2 Scam. 185.

The defendant failed to show the requisite diligence to procure a continuance, and by his stipulation estopped himself from asking for a continuance on the ground alleged. See *Toledo, Wabash and Western Railroad Co.* v. *McLaughlin,* 63 Ill. 339; *Quincy Whig* v. *Tillson,* 69 id. 351; *Dunlap* v. *Davis,* 5 Gilm. 84; *Wick* v. *Weber,* 64 Ill. 168; *Shaffer* v. *Sutton,* 49 id. 506; *Pardridge* v. *Wing,* 75 id. 236.

Mr. GEO. W. SMITH, also for the defendant in error.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was an action of assumpsit, brought by William H. Greene, against Morton C. Fisher, upon four promissory notes, which were payable to one Geo. D. Bayard, and by him indorsed to the plaintiff.

To the declaration the defendant pleaded the general issue, and a special plea denying the execution of the notes sued on.

These pleas were sworn to and filed on the 4th day of June, 1877. On the 3d day of February, 1879, the defendant entered a motion for leave to file additional pleas, setting up the Statute of Limitations. The court overruled the motion, and this decision is assigned for error.

The motion for leave to file additional pleas was made after the cause had been reached for trial, and after the issues had been made up for about nineteen months. The motion was not supported by affidavit showing any excuse for not filing the pleas at an earlier day.

Under such circumstances we can not hold that the court erred in denying leave to file additional pleas. Had the defendant shown a reasonable excuse for the delay, doubtless it would have been the duty of the court to have permitted the pleas to have been filed, but for aught that appears the defendant knew as well when he filed his first pleas the necessity of filing the additional pleas as he did when the motion was made. If he did, he had no right to remain silent until the plaintiff had prepared for trial on the issues presented, and then, on the eve of a trial, present a new and unexpected issue which might compel a continuance of the cause. The correct rule of practice in a case of this character was indicated in *Millikin* v. *Jones*, 77 Ill. 372, in which it was held, where a defendant, after filing the general issue, and the continuance of the cause, discovers that he has a substantial defence not admissible under the general issue, he should, at the earliest convenient day, ask for special leave of the court to file an additional plea, so as not to take the plaintiff by surprise or delay the business of the court. In this case the defendant had ample time and opportunity to present an additional plea, if he desired, long before the cause was reached for trial. The court was held every month, and surely a year and six months afforded sufficient time in which leave might have been obtained long before the cause was called for trial. We do not, therefore, regard the decision of

the court as erroneous. *Thompson* v. *Sornberger*, 78 Ill. 354; *Knickerbocker Insurance Co.* v. *McGinnis*, 87 id. 70.

The court overruled defendant's motion for a continuance, and this decision is claimed to be error. The motion was predicated upon an affidavit of the attorney of the defendant to procure a continuance on the ground that the deposition of the defendant, Fisher, had not been returned into court. It is quite apparent, from an inspection of the affidavit, that due diligence was not used to obtain the evidence, and for this reason, if for no other, the court could not do otherwise than overrule the motion. It appears from the affidavit that it was necessary for Fisher to examine his books and papers, which were in the city of London, before he could properly testify in the case; that he went to London in November or December, 1878. But the pleas were filed in June, 1877, and the affidavit does not satisfactorily show why Fisher did not go to London sooner. Almost eighteen months intervened after the issues were made up before the defendant started for London. It is true the affidavit attempts to show that defendant was detained in California by business and sickness, but the nature or character of the business is not shown, so that the court might see that he was necessarily detained. But if the defendant had been detained in this country by business, for aught that appears he could have sent for his books and papers, and then had his deposition taken here or appeared on the stand in person. The rule is well settled that a case will not be continued to obtain the deposition of an absent witness, unless due diligence has been used to obtain the evidence. We are satisfied, after a careful perusal of the affidavit, that if such diligence as a prudent man would exercise had been used, the evidence might have been obtained, and that it was the fault of defendant that the evidence was not procured.

It is also contended that a copy of a power of attorney from defendant, Fisher, to Heyer was not competent evidence, as the original was shown to be in existence. The

original power of attorney was in the possession of one O. D. Baldwin, of New York, who refused to attach it to his deposition.    He, however, produced it before the commissioner, and A. DeWitt Baldwin, a witness, whose deposition was being taken in the case, prepared a sworn copy of the power of attorney, which was annexed to his deposition by the commissioner and marked exhibit B.    The original power of attorney being out of the jurisdiction of the courts of this State, Baldwin could not be compelled to part with it, and under the rule of evidence, when the best evidence is unattainable, resort may be had to secondary evidence, we are satisfied that a sworn copy was competent evidence.    *Bonny* v. *Russell,* 109 Mass. 55 ; *Bunn* v. *Wood,* 19 Mo. 475 ; *Burton* v. *Driggs,* 20 Wall. 125.

This disposes of all the questions that properly arise on the record, and as no error is perceived, the judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*