THE CITY OF CHICAGO

*v.*

CHARLES E. COOK.

*Opinion filed October 26, 1903.*

1. TRIAL—*motion to file additional plea at trial must be supported by reasonable excuse.* A motion for leave to file an additional plea after the case is on trial is addressed to the discretion of the court, and should be supported by an affidavit showing a reasonable excuse for the defense not having been presented before.

2. SAME—*when motion for leave to file additional plea is properly denied.* A motion to file an additional plea at trial is properly denied where the case has been at issue under a plea of the general issue for four years, a bill of particulars has been on file for three years and no excuse is shown for not sooner presenting the defense.

3. APPEALS AND ERRORS—*what a waiver of an assignment of error.* Failure to urge as error, in the briefs filed in the Appellate Court, the refusal of the trial court to grant instructions, is a waiver of the assignment of error on that point.

4. SAME—*when Supreme Court cannot consider a point made in reply brief.* A claim made in the reply brief filed in the Supreme Court that a certain point was made in a brief filed in the Appellate Court cannot be considered, where no certified copy of the Appellate Court brief relied upon is filed in the Supreme Court.

*City of Chicago* v. *Cook*, 105 Ill. App. 353, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. ELBRIDGE HANECY, Judge, presiding.

CHARLES M. WALKER, Corporation Counsel, WILLIAM H. SEXTON, and WILLIAM H. FITZGERALD, (FITZGERALD & ORR, of counsel,) for appellant.

CLARENCE S. DARROW, and IRVING W. BAKER, for appellee.

Mr. JUSTICE BOGGS delivered the opinion of the court:

Judgment in the sum of $5000 awarded the appellee against the appellant city in the circuit court of Cook county was, on appeal, affirmed by the Appellate Court for the First District. The city has prosecuted this its further appeal to this court.

The action was in assumpsit. The declaration was filed June 24, 1897, and contained the common counts only, and was not accompanied by an itemized bill of particulars. The only plea presented was that of the general issue, which was filed on the 9th day of August, 1897. On the 28th day of May, 1898, the appellant city entered its motion asking that the appellee be required to file a bill of particulars. The motion was granted and a bill of particulars filed on June 2, 1898. By leave of the court an amended bill of particulars was filed October 12, 1898, and by further like leave the bill of particulars was again amended on December 8, 1898. The trial of the cause before a jury was commenced on the 30th day of December, 1901. The morning session of the court on that day was devoted to the examination and cross-examination of a witness introduced in behalf of the appellee. At the convening of the court for the afternoon session, counsel for the city asked leave to file instanter a plea of the Statute of Limitations. The court

refused to grant such leave, and this action of the court is assigned as for error.

The application for leave to file the additional plea was addressed to the discretion of the court. (*Fisher* v. *Greene*, 95 Ill. 94; *Dow* v. *Blake*, 148 id. 76; *Phenix Ins. Co.* v. *Stocks*, 149 id. 319; *Davis* v. *Lang*, 153 id. 175.) A defendant who presents such an application after the cause has gone to trial, in order to entitle the application to the favorable consideration of the court, should support the motion by showing some reasonable excuse for not having presented the defense before the calling of the cause for trial. (*Phenix Ins. Co.* v. *Stocks, supra;* 21 Ency. of Pl. & Pr. 686, 695.) In *Fisher* v. *Greene, supra,* the motion to file additional pleas was made after the cause had been reached for trial and after the issues had been made up for about nineteen months. The motion was not supported by affidavit showing any excuse for not filing the pleas at an earlier day, and was denied by the court. We there said: "Under such circumstances we cannot hold that the court erred in denying leave to file additional pleas. Had the defendant shown a reasonable excuse for the delay, doubtless it would have been the duty of the court to have permitted the pleas to have been filed, but for aught that appears the defendant knew as well when he filed his first pleas the necessity of filing the additional pleas as he did when the motion was made. If he did, he had no right to remain silent until plaintiff had prepared for trial on the issues presented, and then, on the eve of a trial, present a new and unexpected issue which might compel a continuance of the cause. The correct rule of practice in a case of this character was indicated in *Millikin* v. *Jones,* 77 Ill. 372, in which it was held, where a defendant, after filing the general issue, and the continuance of the cause, discovers that he has a substantial defense not admissible under the general issue, he should at the earliest convenient day ask for special leave of the court to file an additional plea, so as

not to take the plaintiff by surprise or delay the business of the court. In this case the defendant had ample time and opportunity to present an additional plea, if he desired, long before the cause was called for trial. The court was held every month, and surely a year and six months afforded sufficient time in which leave might have been obtained long before the cause was called for trial. We do not, therefore, regard the decision of the court as erroneous." In Dow v. Blake, supra, application for leave to file additional pleas, made more than seventeen months after the issues had been made up and only three days before the cause stood for trial, was denied, and it was held this court could not say that under the circumstances the trial court abused the discretion with which it was vested. In the case at bar the motion was presented during the trial of the cause before the jury. The case had been at issue on a plea of the general issue for more than four years. Itemized bills of particulars had been on file for more than three years. No reason was advanced, by way of affidavit or otherwise, explaining or excusing the delay in presenting the additional defense. There was no abuse of discretion in refusing to allow the plea to be interposed.

The appellant city did not, at the close of testimony in the cause, move the court to instruct the jury that, as a matter of law, the plaintiff could not recover. Therefore no question of law is raised in this court whether or not there was evidence fairly tending to support the plaintiff's cause of action. Whether such cause of action was supported by the weight of the testimony is a question of fact, which has been conclusively determined adversely to the appellant by the judgment of the circuit court and the affirmance thereof in the Appellate Court. It appeared from the bills of particulars and from the evidence that the claim of the appellee was for services rendered to the city. Whether the services rendered by the appellee to the city were such as could only be re-

covered for out of a special fund created, as appellant contends, for the payment of such services and expenses, is not, as we have seen, in any way presented as a question of law for the determination of this court.

Appellant complains that the circuit court refused certain instructions which it asked to be given to the jury. The appellee insists that the refusal to give these instructions was not urged in the brief filed by the appellant in the Appellate Court, and in support of this insistence has, by leave of this court first had and obtained, filed a certified copy of the brief filed by the appellant city in the Appellate Court. This brief supports the insistence of the appellee. The omission to urge in the Appellate Court as error the refusal of the trial court to grant the instructions must be considered as a waiver or abandonment by the appellant city of the assignment of such refusal as error, and such alleged errors cannot be revived and raised for the first time in this court. *Abend* v. *Endowment Fund*, 174 Ill. 96; *Chicago and Alton Railroad Co.* v. *Strawboard Co.* 190 id. 268.

Appellant, in its reply brief in this court, insists that in the reply brief filed in its behalf in the Appellate Court the refusal of the court to grant these instructions was called to the attention of the Appellate Court. Apart from the question whether an assignment as for error may be presented for the first time in a reply brief, to which the adversary can have no opportunity to respond or be heard, the insistence of the appellant is not supported by a certified copy of the brief filed by it in reply in the Appellate Court, and for that reason cannot be considered in this court.

The judgment of the Appellate Court must be and is affirmed.　　　　　　　　　　　　*Judgment affirmed.*