## William Bartz v. Chicago City Railway Company.
### Gen. No. 11,321.

1. LEAVE TO AMEND—*when denial of, proper.* It is proper upon the trial to deny a motion to amend, where to permit it would be to allow the introduction of a new cause of action:

2. NEW CAUSE OF ACTION—*what is.* Where the original declaration in the cause alleges negligent operation, to permit an amendment charging improper equipment, would be to permit the introduction of a new cause of action.

3. PROXIMATE CAUSE—*when instruction as to, proper.* It is proper to instruct the jury to find the defendant not guilty if they believe that the proximate cause of the injury was a certain specific act of the defendant which might have been negligence, where such act is not relied upon in the declaration.

4. NEGLIGENCE—*law of, does not change with variation of facts.* The law which requires that the plaintiff shall exercise ordinary care for his own safety, and that the defendant shall exercise ordinary care for the safety of its passengers, does not change notwithstanding the facts of particular cases may vary.

5. SPECIAL INTERROGATORIES—*when action of court with respect to, cannot be complained of on appeal.* The action of the court in giving or refusing to give special interrogatories, cannot be questioned upon appeal where no exception to such action was taken.

6. INSTRUCTIONS—*when giving of excessive number of, might reverse.* In a close case the giving of a great number of instructions containing much repetition and reiteration, even of correct principles of law, might be ground for reversal.

Action on the case for personal injuries. Error to the Circuit Court of Cook County; the Hon. EDMUND BURKE, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1903. Affirmed. Opinion filed October 25, 1904.

**Statement by the Court.** This action was brought by plaintiff in error against defendant in error to recover damages for personal injuries sustained by him at the intersection of Wallace and Thirty-first streets in the city of Chicago on the 11th of September, 1896, by being thrown from a loaded wagon upon which he was riding, through the alleged negligent collision of one of defendant's trains with the wagon at said street intersection. The jury rendered a verdict of not guilty, upon which judgment was entered and plaintiff brings up the record for review.

The declaration consists of one count charging that the defendant by its servants so carelessly and improperly drove and managed an electric motor-car and cars attached thereto that by reason thereof said motor and train ran into and struck plaintiff's wagon with great force and violence, thereby causing the injuries sued for.

Wallace street runs north and south and is intersected at right angles by Thirty-first street. Upon each of the streets the defendant operated a double track electric street railway. About three o'clock in the afternoon of the day in question a team of horses attached to a wagon loaded with grain' of the weight of 7,150 pounds, was driven by the plaintiff east on the south track of the Thirty-first street line; and he testifies that before he reached the tracks on Wallace street he looked up and saw a car going north just about to cross Thirty-first street; that he looked north and saw a car which was going south 200 feet or more away; that he let his horses go, drove across, and that just as he reached the west side of the track the rear end of his wagon was struck and he thrown off.

The controverted questions of fact at the trial related only to the exercise of ordinary care by the plaintiff and to the rate of speed at which the train colliding with plaintiff's wagon was running, the latter being the only act of negligence or mismanagement in its operation in respect of which plaintiff offered proof.

At the instance of the defendant the jury found specially, first, that plaintiff knew of the approach of the car in time for him, by the exercise of ordinary care, to have avoided the collision; and second, that he failed to prove by a preponderance of the evidence that he could not by the exercise of ordinary and reasonable care have avoided the accident.

MASTERSON & HAFT, for plaintiff in error.

WILLIAM J. HYNES, SAMUEL S. PAGE and WATSON J. FERRY, for defendant in error; MASON B. STARRING, of counsel.

MR. PRESIDING JUSTICE STEIN delivered the opinion of the court.

First.   One of the errors assigned is that the verdict is contrary to the law and to the evidence.   Plaintiff has submitted a mere skeleton argument touching this assignment, in view of which the error might perhaps be considered waived.   We have, however, considered the evidence and find that it fully sustains the verdict of the jury and particularly their special finding that the plaintiff by the exercise of ordinary care might have avoided the accident.

Second.   After the plaintiff had rested his case it appeared for the first time from the defendant's testimony that the train in question was not an ordinary passenger train but consisted of a motor-car and two other cars resting on temporary trucks and unprovided with brakes. After the evidence was in, the plaintiff moved for leave to amend his declaration by inserting therein the word "equipped," the effect of which amendment if allowed would have been to charge the defendant with having carelessly and improperly equipped its train.   The original declaration charged only a careless and improper driving and management of the train.   The action of the court in overruling the motion and denying the leave to amend was proper for a number of reasons.   To have permitted the amendment at that stage of the proceedings would have introduced into the pleadings a new cause of action based upon a charge of negligence of which the defendant was wholly unapprised before the trial.   The fact that the alleged improper equipment of its train was testified to by its witnesses is of no moment in this regard.   Had the allegation of defective or improper equipment been made, as it should have been, some reasonable length of time before the trial, the defendant would have had an opportunity to prepare for trial upon that charge and might possibly have been able to show that in reality the two rear cars were provided with brakes, or to explain satisfactorily why they were not, or that it made no difference whether they were or not.   Under the circumstances disclosed in this record it

was a proper exercise of the discretion vested in the court to refuse leave to allow the amendment at the time it was asked. Phœnix Ins. Co. v. Caldwell, 187 Ill. 73; Fisher v. Greene, 95 Ill. 94; Dow v. Blake, 148 Ill. 76; Millikin v. Jones, 77 Ill. 372. In the case last cited the Supreme Court say: "Parties are not allowed to adopt a course of practice in pleading which may tend to injure the opposite party by presenting at the last moment, and when he may be unprepared to meet it, a new or unexpected issue, or to trifle with the time of the court by making up portions of their issues at different times when it can be reasonably avoided."

Over two years had elapsed at the time of the trial since the accident. If the proposed amendment stated a new cause of action (as we think it did), the cause of action was barred by the Statute of Limitations. As has been already shown, the original declaration alleged the negligence complained of to have been that of the persons in charge of the train in improperly driving and managing it; while the amendment alleged negligence in constructing and equipping the train. This is not a restatement of the cause of action first declared on, but the statement of a new and different one. I. C. R. R. Co. v. Campbell, 170 Ill. 163; C. C. R. R. Co. v. Leach, 182 Ill. 359. True, the defendant might not have pleaded the statute, but from its determined opposition to the introduction of the new cause of action there is every reason to believe that it would, and the court was justified in acting upon such belief.

Third. By the eleventh instruction given for the defendant the jury were told that "the plaintiff does not claim in his declaration that the car in question was not properly constructed or equipped in every way, and the plaintiff cannot recover on any such ground." We perceive no objection to this instruction. The declaration, even under the most liberal construction of its language, cannot be regarded as alleging an improper construction or equipment; and it followed as a matter of course that the plaintiff could not recover upon a ground of negligence which was not alleged.

Objection is also made to the twelfth instruction direct-
ing a verdict of not guilty if the jury believed that "the
proximate cause of the plaintiff's injury was, that either
the brake or the machinery of the electric car in question
was defective." We know of no reason why the instruc-
tion should not have been given. Counsel concede that
the proximate cause of plaintiff's injury was the failure to
provide the cars with brakes. The fact that in view of the
condition of the pleadings the instruction virtually directed
the jury to find for the defendant constitutes no objection
to it.

In divers instructions given at the instance of the defend-
ant the usual rule in cases of this character was declared that
the plaintiff and defendant's motorman were bound to exer-
cise ordinary care, the former for his safety, the latter to avoid
a collision. It is strenuously insisted that the usual rule
did not apply and should not have been applied to the case
at bar because of the motorman's knowledge of the ab-
sence of the brakes and because of plaintiff's ignorance of
that fact. It might have been and doubtless was argued
to the jury that they should take these circumstances into
consideration in determining whether the plaintiff had ex-
ercised ordinary care in driving upon and across the tracks;
but that the law should change with and be adjusted to the
varying facts and that what is law in one case is not the
law in another of the same general character is a proposi-
tion which cannot be for a moment entertained.

Fourth. Plaintiff is not in a position to assign error in
respect of the two special interrogatories answered by the
jury. He did not object or except to the court's action in
that behalf. No motion was made to set them aside. The
submitting of them was not assigned as a ground for a new
trial. So far as the record discloses, plaintiff acquiesced in
the submission of the interrogatories. Both of them cover
the same ground. The first one has been approved many
times and is entirely proper. The second one imposes upon
the plaintiff the proof of a negative and should not have
been submitted. But as it substantially covers the same

ground as the first, the error, if it were assignable, is harmless.

Fifth. Finally, it is urged that too many instructions were given for the defendant. While perhaps in a close or doubtful case, too much repetition and reiteration by the court even of correct principles of law might be good ground for reversal, we do not think that the present judgment should be reversed for that reason where the jury specially found the plaintiff guilty of contributory negligence.

The judgment is affirmed.

*Affirmed.*