### The Carey-Lombard Lumber Company v. Harry A. Daugherty, et al.

#### Gen. No. 12,341.

1. AMENDMENT—*effect of vacating order permitting.* The effect of vacating an order granting leave to file an amendment is to  leave the pleadings sought to be amended precisely as though no leave to file such amendment had been given, and this notwithstanding the amendment was actually placed on file before the order of vacation was entered.

2. AMENDMENT—*what ground for refusal to permit.* An unreasonable delay in offering an amendment is good ground for a

chancellor to refuse to exercise the discretionary power to permit amendment.

3. NEW CAUSE OF ACTION—*when amended petition for mechanic's lien sets up.* Where the original petition for a mechanic's lien alleged in substance, that the contractor had completed the building and that the owner had accepted it without either such contractor or owner having paid the petitioner, a sub-contractor, for the materials which he had sold to the contractor for and which had been used by him in the building, an amended petition for such a lien which alleges in substance that the contractor before the building was completed abandoned the same and surrendered it to the owner and that the building was then worth more than enough to pay the claim of the petitioner, a sub-contractor, over and above the then cost of the buildings and any damages sustained by the owner by reason of the non-fulfillment of the original contract for its construction, states a new cause of action.

5. EQUITY—*when will follow the law.* Where a complainant in equity had a concurrent remedy at law which is barred by limitation, equity will apply the same rule of limitation and bar him in equity.

Mechanic's lien proceeding. Appeal from the Circuit Court of Cook County; the Hon. EDWARD F. DUNNE, Judge, presiding. Heard in this court at the March term, 1905. Affirmed. Opinion filed March 15, 1906.

**Statement by the Court.** August 25, 1892, appellant filed a bill of complaint, alleging that appellant was employed February 2, 1892, by John Leinhart to furnish lumber to build a building on a lot owned by James A. Fullenwider, and was to receive what the lumber was reasonably worth; that it did furnish lumber so required until June 16, 1892, in the amounts and to the value as shown in "Exhibit A," and it was to be paid for on the first day of the next month after deliveries were made; that the building was completed and accepted by Fullenwider; that there remains due $730.04, by reason whereof it is entitled to a mechanic's lien. That on February 3, 1892, it caused a mechanic's lien notice to be served on Fullenwider, stating that it had been employed by Leinhart to furnish lumber for Fullenwider's building, and that it would hold his interest in the ground liable for the amount to become due, and it alleged that since said time Fullenwider has had more

than sufficient money in his hands due Leinhart on account of said building to satisfy its claim; that Peabody and the unknown holders of certain notes had some interest, but subject to its lien.

Prayer for answer, for mechanic's lien, for sale if decree is not paid, and for summons. "Exhibit A," attached, is an itemized statement of lumber bought, showing $500 payment and $730.04 balance due.

The defendants filed a demurrer. Thereupon appellant amended its bill by adding a copy of the mechanic's lien therein referred to. Defendants again demurred. Upon argument the demurrer was sustained and the bill was dismissed for want of equity. An appeal was taken to the Supreme Court, where the decree of the trial court was reversed and the cause was remanded with directions to overrule the demurrer. The Carey-Lombard Lumber Co. v. Fullenwider, 150 Ill., 629.

The case was redocketed in the Circuit Court, October 7, 1895. Upon the 19th day of the same month defendants filed a plea to said petition, alleging that there was nothing due Leinhart at time of service of mechanic's lien notice; that thereafter John Leinhart abandoned the alleged contract and refused to complete the same, and that the cost of material and labor paid out by Fullenwider to complete the work, together with such sums as had been rightfully paid out under said contract by Fullenwider, and the damage which he sustained by the failure of Leinhart to complete the contract, amounted to more than the total amount of the contract price, and there did not anything become due to said Leinhart under said contract, and there was not anything due to said Leinhart at the time of filing the bill, and nothing has become due since, nor will anything become due said Leinhart.

The cause then slept until August 11, 1900, when appellant filed a general replication to such plea. No further action was taken in the case until June 27, 1904, when the death of Fullenwider was suggested, and his executors were substituted as parties defendant. An order was entered that

the plea filed by the deceased stand as the plea of his executors. In this state of the pleadings the trial came on in October, 1904. November 1, 1904, after appellant had closed its proofs it obtained ·leave to amend its petition instanter. This amendment alleges that after said lumber was furnished, but before said building was fully completed, on or about June 20, 1892, Leinhart abandoned the work on the contract and surrendered it to Fullenwider; and that the unfinished building at the time of its abandonment and surrender was reasonably worth a large sum over and above the aggregate of the amounts already paid thereon and of any damages that may have been sustained by reason of the non-fulfillment of the original contract for the erection of said building, to-wit, a sum greater than the amount due appellant, and that no other persons have or claim a mechanic's lien.

Appellees filed a special demurrer to said amendment. November 10, 1904, upon the hearing of the demurrer the court gave leave to appellees to withdraw the same. This being done, they moved the court to vacate the order of November 1, 1904, permitting such amendment. This motion the court sustained and vacated and set aside the order granting such leave. At the close of the trial the court dismissed the petition for want of equity. This appeal followed.

JAMES H. HOOPER, for appellant.

JOSEPH W. MOSES, for appellees.

MR. JUSTICE BALL delivered the opinion of the court.

The original petition as first amended set up the completion of the building and its acceptance by the owner. These were the allegations under which the evidence was presented. The failure of the testimony to establish these allegations is complete. The preponderance of the evidence showed ·that Leinhart abandoned the building long before it was completed and left the State of Illinois, never thereafter to return. This variance was specifically pointed out

by counsel for appellees at the close of appellant's evidence. Therefore the decree entered herein was right; unless, first, when the cause was tried and the decree entered the amendment of November 1, 1904, was a part of the petition; or, second, unless the court erred in vacating and setting aside the order of November 1, 1904, giving appellant leave to file said amendment to its petition.

First. Appellant says that while the court set aside and vacated the order granting leave to file the amendment of November 1, 1904, it did not specifically strike the amendment from the files; so that the hearing really took place upon the amended bill as thus amended, with appellees in default as to the last amendment filed.

The answer to this contention is found in section 8, chapter 7, R. S., which says: "No process, pleading or proceeding shall be amended   *   *   *   without the order of court, or by some other court of competent authority." Section 9 of the same chapter says: "The provisions of this act shall extend to all actions in courts of law or chancery."

When the order granting leave to appellant to file this amendment was vacated and set aside it then stood as if leave to file it had never been given. Without that leave it could not and did not become a part of the papers in this case, no matter how many times it had been marked "filed" by the clerk of the Circuit Court. A paper thus filed is disregarded by the court. Roberts v. Stigleman, 78 Ill., 120.

Permitting a bill to be amended is a matter resting in the sound discretion of the chancellor, and his decision will not be reviewed by an appellate tribunal, unless there has been an abuse of that discretion. Hewitt v. Dement, 57 Ill., 502.

In Hoyt v. Tuxbury, 70 Ill., 342, the court say: "The objection that the court refused to allow certain amendments to be made after the hearing and final decision of the case in the court below, cannot be assigned for error. Whether the amendment should be made, or not, rested purely in the discretion of the court."

It is elementary that an application to amend a bill in chancery must be made within a reasonable time after the necessity for such an amendment is or should have been discovered. An unreasonable delay in offering the amendment is good ground for the chancellor to refuse to exercise the discretionary power to permit an amendment. 1 Barb. Ch. Pr. (1st ed.) 207; Wolverton v. Taylor, 157 Ill., 485.

The original petition was filed in this case August 25, 1892; amended November 28, 1892; redocketed in the Circuit Court, October 7, 1895; twelve days later the defendants plead the abandonment of the contract by Leinhart; nearly five years later appellant filed a general replication to this plea; four years from the last date the cause is called for trial; and then, and not till then, an amendment was filed, which sets up the matter contained in the plea mentioned. In other words, appellant suffered nine years to pass before it ascertained the fact that the allegation in the bill was false and that contained in the plea was true. Under these circumstances it was not an abuse of his discretion for the chancellor to vacate and set aside the order of amendment dated November 1, 1904, as improvidently made.

There is another reason why the court was justified in vacating such order. The original petition, and as amended up to the time of the trial, was that Leinhart, the contractor, had completed the building, and that the owner had accepted it, without either of them having paid appellant for the materials which as subcontractor it had sold to the contractor for and had been used in the building. Out of these facts a lien arose under section 29 of chapter 82 R. S., as then in force.

The facts set forth in the amendment of November 1, 1904, were that Leinhart, before said building was fully completed, abandoned the same and surrendered it to the owner, and that the building was then worth more than enough to pay the claim of appellant over and above the then cost of the buildings and any damages sustained by the

owner by reason of the nonfulfillment of the original contract for its construction. Under these facts a lien is given by section 45 of the same act. These are different grounds of recovery, distinct from each other, and dissimilar, having this only in common, that, if a recovery is had upon either set of facts, a lien follows. Milliken v. Whitehouse, 49 Me., 527.

The amendment of November 1, 1904, stated a different cause of action from that alleged in the petition, which was filed twelve years before. It came too late. Courts of equity have always discountenanced laches and neglect, and this without reference to the existence or to the lack of limitations in actions at law. Angel on Lims., 21; 1 Beach Mod. Eq., Sec. 20. In those courts laches have the same effect as have statutes of limitations at law; or, to state it differently, equity follows the law, or acts in obedience to it; and wherever the laches in a cause in equity are so great that, if the case were at law, the limitation acts would apply, equity will enforce a like rule. Reynolds v. Sumner, 126 Ill., 72; Gordon v. Johnson, 186 Ill., 31.

By section 37 of the Lien Act in force in 1892, the subcontractor is given the election to file a petition in chancery or to bring an action at law against the owner and the contractor. If he had chosen to sue at law, section 15 of chapter 38, R. S. Hurd, limiting all civil actions not herein otherwise provided for to five years from the time they accrued, would apply. The rule that where the remedies are concurrent, and the claim is barred at law, equity, in obedience to the statute, will refuse a remedy, is too well understood to need the citation of authorities for its support. It follows that this new cause of action having been presented for the first time more than five years, namely, twelve years, after it accrued, the chancellor was fully justified in refusing to permit this amendment to be made.

The decree of the Circuit Court is affirmed.

*Affirmed.*