, **Lewis C. Erbes v. William McDonald.**

SECONDARY EVIDENCE—*when competent to prove contents of documents out of jurisdiction of court.* Secondary evidence may be offered to prove the substance of papers out of the jurisdiction of the court, where due efforts have been made to obtain the originals, and not otherwise.

Assumpsit. Appeal from the Circuit Court of Vermilion county; the Hon. MORTON W. THOMPSON, Judge, presiding. Heard in this court at the November term, 1906. Affirmed. Opinion filed June 1, 1907.

WALTER V. DYSERT and BUCKINGHAM & TROUP, for appellant.

DYER & WALBRIDGE and J. B. MANN, for appellee.

Erbes v. McDonald.

MR. JUSTICE PUTERBAUGH delivered the opinion of the court.

Appellee recovered judgment in the Circuit Court, in an action of *assumpsit,* against appellant, for the sum of $2,923, being the sum of $1,500 for cash which appellee claimed to have advanced to appellant, and the further sum of $900 which he claimed was paid by him to one Steiger at the request and for the use of appellant. The only controversy in this court is as to the latter item, which appellant contends was paid by appellee, not for the use and benefit of appellant, but as part of the consideration for benefits received by appellee by virtue of a certain contract which had theretofore been entered into between appellant and Steiger, and that the money in question was paid in accordance with the terms of a certain written agreement between appellee and appellant. Upon the trial appellant offered in evidence the contract between appellant and Steiger, which secured to appellant certain benefits in a grass twine factory located at Oshkosh, in the state of Wisconsin; but the court refused to admit the same. He then offered in evidence a copy of the written agreement alleged to have been entered into between him and appellee, which the court also refused to admit for the reason that no sufficient effort had been made by appellant to produce the original and thus lay the foundation for the admission of secondary evidence as to its contents. Prior to such offer it had been shown that the original agreement had been executed, but that it had never been in the possession of either appellant or appellee, or within the jurisdiction of the trial court. That when last seen by either of the parties it was in the possession of Steiger at Oshkosh. Steiger, upon his appearance as a witness at the trial, was served with a *subpoena duces tecum,* but failed to produce the agreement in response thereto. He testified that if such instrument had ever been left in his possession, it was then at his home in Oshkosh. Appellant contends

that inasmuch as the original instrument was without the state, beyond the jurisdiction of the court, and in the possession of a third person, not a party to the suit, secondary evidence of its contents was admissible, without a further showing. Such is not the rule in this state. Secondary evidence may be offered to prove the substance of papers out of the jurisdiction of the court, where due efforts have been made to obtain the originals and not otherwise. Bishop v. Am. Pres. Co., 157 Ill. 307; Fisher v. Greene, 95 Ill. 94. Appellant should have procured to be taken the deposition of the witness Steiger at his home in Oshkosh, and have requested him to produce the instrument to be attached to such deposition. In case of his refusal, secondary evidence of its contents would then have been admissible. Dickenson v. Breeden, 25 Ill. 186; Fisher v. Greene, 95 Ill. 94.

It does not appear that appellant made any efforts whatever prior to the trial to secure the presence of the original instrument at the trial. The court, therefore, did not err in refusing to admit secondary evidence of the contents thereof. No other reason is urged in argument for reversal and the judgment of the Circuit Court will be affirmed.

*Affirmed.*