## George F. Tierney, a minor, by Eveylin M. Tierney, his next friend, Defendant in Error, v. Marshall E. Sampsell, sole surviving receiver of the Chicago Union Traction Company, Plaintiff in Error.

### Gen. No. 16,359.

1. PLEADING—*right to file additional pleas*. The granting of leave to file proper amended or additional pleas is usually within the discretion of the trial court, subject to review for an abuse of discretion.

2. PLEADING—*necessity of showing reason for delay in motion to file additional plea*. When the issues of a case have been settled for a long time and the case is reached for, or is on trial, motions for leave to file amended or additional pleas that inject new issues, or unsettle the issues already made, should not be allowed without a showing of some reason or excuse for the delay.

3. RECEIVERS—*when motion to file additional plea comes too late*. Where a personal injury suit against alleged street railway receivers had been at issue, under a general issue, for two years and a motion for leave to file a special plea denying that a receiver owned or operated the street railroad at the time of the injury is filed and is not called up until the jury is in the jury box, the delay in filing is not excused by the fact that until the Supreme Court handed down a certain opinion it had been supposed that the defense could be made under the general issue where such opinion had been handed down more than a year and a half before the motion was filed.

4. STREET RAILROADS—*pleading*. Where it is averred in a declaration against a street railway company that when a car was approaching a switch at a high rate of speed, a switch was open and that the servants in charge of the car negligently failed to see the condition of the switch and negligently failed to slacken the speed of the car as it came upon the switch, thereby causing injury to a person standing nearby, the material averments are the high rate of speed and negligence in failing to slacken the speed, and the averment as to the failure to see the condition of the switch need not be proved.

5. STREET RAILROAD—*questions for jury*. Where there is evidence that a street car approached and ran on a switch without lessening a high rate of speed, without being derailed and without more commotion than is usual when a car is going at a high rate of speed, and a person standing nearby is injured, it is for the jury to say whether the switch was open; whether the speed was a high and

dangerous speed under the circumstances; whether the speed was slackened; whether the operation of the car was negligent, and whether it was because of such negligence that the plaintiff was injured.

6. STREET RAILROADS—*when presumption does not rest upon another presumption.* Where it is claimed that a street car without slackening a high rate of speed ran on an open switch, whereby a person standing nearby was injured, and there is an immaterial allegation that the servants failed to see the condition of the switch but only the fact that the switch was open is left to be presumed from the circumstances, in finding the company guilty the rule prohibiting the resting of one presumption on another is not violated.

7. DAMAGES—*when $11,000 for injury to foot is excessive.* The right foot of a boy ten years of age was crushed in a street railway accident, necessitating the amputation of the toes and part of the metatarsal bones. Tetanus followed and up to the time of the trial the foot was tender. The wound had several times broken open; the boy walked with a limp and suffered some pain in the foot, ankle and heart, the foot was fairly serviceable. *Held,* a verdict for $11,000 was excessive, a *remittitur* of $3,000 would be required.

Error to the Circuit Court of Cook county; the Hon. JOHN GIBBONS, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1910. Affirmed on *remittitur.* Opinion filed August 12, 1912.

JOHN A. ROSE and FRANK L. KRIETE, for plaintiff in error; W. W. GURLEY, of counsel.

QUIN O'BRIEN and LAWRENCE W. POTTER, for defendant in error; M. E. AMES, of counsel.

MR. JUSTICE GRAVES delivered the opinion of the court.

The count in the declaration on which this case was tried charges that on the ninth day of December, 1905, the Chicago Union Traction Company was in the hands of receivers, one of whom was the appellant; that such receivers in their capacity as such were there, through their agents and servants, operating a certain street car propelled by electricity in a northwesterly direction along Elston avenue and approaching Irving Park boulevard in Chicago at a high and dangerous rate of

speed; that appellee was there standing at the corner of Elston avenue and Irving Park boulevard waiting to board that car there as a passenger; that about fifty feet south from Irving Park boulevard in the street car track on Elston avenue there was a switch used by defendants to divert cars from their street car tracks on Elston avenue to their street car tracks on Irving Park boulevard; that when this car was approaching that switch at a high rate of speed, the switch was open; that the servants of defendants then and there in charge of said car carelessly and negligently failed to see the condition of said switch and paid no heed whatever to the same, and carelessly and negligently failed to slack the speed of said car as it came upon said switch, and that the said car was by said open switch diverted from the track on Elston avenue along said switch leading into Irving Park boulevard, and there struck and injured appellee.

This count was filed on December 15, 1906. A plea of the general issue was filed by plaintiff in error and the other receivers of Chicago Union Traction Company. After the case had been at issue for about two years, and on November 25, 1908, plaintiff in error, then being the only remaining receiver, entered his motion for leave to file a special plea denying that at the time and place of the injury complained of he owned, controlled or was operating the street railway or car in question. It does not appear that this motion was called to the attention of the court until both parties had announced their readiness to proceed to trial and a jury had been called into the jury box. The motion was then called up, heard and denied, and the trial proceeded. This motion was not supported by any showing why it was not filed earlier. The verdict of the jury was for defendant in error for $12,-695. A *remittitur* of $1,695 was filed by defendant in error, and judgment was entered for $11,000. The de-

nial of the motion of plaintiff in error for leave to file the special plea is assigned for error.

The granting of leave to file proper amended or additional pleas is usually within the discretion of the trial court, subject to review for an abuse of such discretion. City of Chicago v. Cook, 204 Ill. 373; Clause v. Bullock Printing Co., 20 Ill. App. 113; Ferguson v. Miles, 3 Gilm. 358; Lumber Co. v. Daugherty, 125 Ill. App. 258; Telephone Co. v. Likes, 124 Ill. App. 459; Byerly v. Wilson, 123 Ill. App. 662.

When such leave is asked for at a proper time it should not as a rule be denied, but when the issues in a case have been settled for a long time, and the case is reached for, or is on trial, motions for leave to file amended or additional pleas that inject into the case new issues or unsettle the issues already made up, should not be allowed without a showing of some reason or excuse for the delay in making the motion. City of Chicago v. Cook, 204 Ill. 373; Lumber Co. v. Daugherty, 125 Ill. App. 258. The proposed plea, if filed, would have added an entirely new feature to the case and one which the plaintiff might well have been then unprepared to meet. The only excuse offered for the delay in presenting the defense sought to be set up by the proffered plea is that, until the Supreme Court handed down its opinion in the case of Chicago Union Traction Co. v. Jerka, 227 Ill. 95, it had been supposed that the defense sought to be made by the plea could be made under the general issue, and that in the Jerka case it was first suggested that a special plea was required. That counsel for plaintiff in error are mistaken in that statement is shown by the language used by the court in the Jerka case. It is there said, " * * * The plea of not guilty did not put in issue the ownership of the street car line or the cars operated thereon. * * * This view we regard as firmly established in this state by the following cases: McNulta v. Lockridge, 137 Ill. 270; Illinois

Life Asso. v. Wells, 200 Ill. 445; Chicago City Ry. Co.
v. Carroll, 206 Ill. 318; Pennsylvania Co. v. Chapman,
220 Ill. 428.'' Even if the opinion in the Jerka case
had been the first expression of our Supreme Court
on the subject, the circumstances could hardly be re-
garded as furnishing a valid excuse for delay in ask-
ing for leave to file the special plea, for the opinion
in that case had been handed down more than a· year
and a half before plaintiff in error made any effort
to interpose such plea in this case, and there is no
claim that counsel were not familiar with that opin-
ion long before the special plea was tendered. Under
the facts in this case it was no abuse of discretion to
deny the leave to file the special plea.

It is next urged that the verdict is not supported
by the evidence. Upon this contention it is insisted
that there are at least two material averments of the
declaration concerning which there is no positive evi-
dence, and that even though a single fact may be as-
sumed from proper circumstantial evidence, two ma-
terial facts cannot be so assumed from the same evi-
dence, or, in other words, that one presumption can-
not be based on a prior presumption.

The two averments in the declaration which plaint-
iff in error insists are not supported by positive evi-
dence, are, first, that the switch was open, and, sec-
ond, that the servants of the defendant in charge of
the car negligently failed to see that the switch was
open. We think counsel for plaintiff in error are mis-
taken in their conception of what are the material
averments of negligence in the declaration.

Only such averments of negligence are material as
are necessary to state a case upon which the plaintiff
would be entitled to recover. An averment that de-
fendant negligently failed to do some act does not
make even the negligent failure to do such act action-
able. Whether it is actionable depends in part upon
whether such failure was the proximate cause of the
injury.

The averment in the declaration in the case at bar "that the servants of the defendants then and there in charge of said car carelessly and negligently failed to see the condition of said switch" is not a material averment and, if true, such negligent failure did not cause the injury. The material averments of negligence in this declaration are that the defendants by their servants ran the car at a high and dangerous rate of speed as it approached an open switch and negligently and carelessly failed to slacken its speed as it came upon said switch. Therein a cause of action is stated, and if the proof sustains these averments, then defendant in error was entitled to recover whether the servants of defendants failed to see that the switch was open or wilfully ran into it seeing and knowing it was open.

While there is no direct proof that the switch was open at the time, the circumstances in evidence we think fully warranted the jury in finding that it was open. The proof shows that when the car reached the switch it turned into it and ran off from the main track onto the switch track without being derailed and without more commotion than is usual when a car passes onto a switch at a high rate of speed. There is direct testimony by several witnesses as to the rate of speed the car was going before and at the time it ran onto the switch track. It was for the jury to say from this evidence whether the switch was open, as alleged; whether such speed was under the circumstances a high and dangerous rate of speed when it approched the switch, as alleged; whether that speed was slackened as the car came upon the switch, which is negatived by the allegation; whether the operation of the car as shown by the evidence was negligent, as alleged, and whether it was, as alleged, because of such negligence that defendant in error was injured. The jury found the defendants guilty, thereby finding all these material facts to be proven as alleged, and we are not

prepared to say such finding is against the manifest weight of the evidence.

It is manifest that of all these material facts, so found to be true by the jury, one only, namely, whether the switch was open, is left to be presumed from the circumstances, and that in finding the defendants guilty the rule prohibiting the resting of one presumption on another presumption was not violated.

It is claimed the damages fixed are excessive. The verdict was for $12,695. A *remittitur* of $1,695 was filed by defendant in error and judgment was entered by the court for $11,000. Defendant in error was ten years of age at the time of the injury. The injury was very considerable. The right foot of defendant in error was crushed, necessitating the amputation of the toes and part of the metatarsal bones of the foot. His recovery, so far as he has recovered, was complicated by an attack of tetanus. Up to the time of the trial the foot was tender and the wound had several times broken open. He walked with a limp and suffered some pain in the foot, ankle and heart. Yet, in view of the character of the injury, he has made a good recovery and has left a fairly serviceable foot. While there is no rule by which damages of this character can be computed, it seems to us that this judgment is larger than mere compensation will warrant, and no claim is made for punitive damages. We, however, see no evidence in the size of the verdict that the same was the result of passion or prejudice.

If defendant in error will within ten days file a *remittitur* for $3,000, the judgment will be affirmed for $8,000. Otherwise, the same will be reversed and the cause remanded.

*Affirmed if remittitur filed for $3,000; otherwise reversed and remanded.*

*Remittitur* filed and judgment affirmed August 20, 1912.