## George Bacon, Plaintiff in Error, v. Edmund A. Walsh, Defendant in Error.

1. PHYSICIANS AND SURGEONS, § 21*—*admissibility of evidence.* In an action against a physician and surgeon to recover damages for malpractice, on account of failure of defendant to properly reduce a dislocated hip for plaintiff, refusal of trial court to permit plaintiff to show that an X-ray photograph was taken of the joint and that he made unsuccessful efforts to get the X-ray plates, *held* not error, it appearing defendant had nothing to do with the taking of the photographs and never had possession of them.

2. PHYSICIANS AND SURGEONS, § 23*—*when instructions for defendant in action for malpractice erroneous and misleading.* In an action to recover damages for malpractice, an instruction given for defendant defining ordinary care and skill required of physicians and surgeons as being "that care and skill exercised by physicians and surgeons in this locality and of the school of which defendant belongs," *held* erroneous and misleading because of the insertion of the words "and of the school of which defendant belongs" and also erroneous because there was no evidence as to what school the defendant belongs, except that he was a graduate of a certain school.

3. PHYSICIANS AND SURGEONS, § 1162*—*degree of professional skill and care required.* The law requires that a physician and surgeon use that degree of professional knowledge, skill and care which the average physician and surgeon in good practice would ordinarily bring to a similar case under like circumstances in that locality.

4. PHYSICIANS AND SURGEONS, § 23*—*when instruction erroneous.* An instruction in an action for malpractice, particularly directing the attention of the jury to the testimony introduced and then proceeding with an argument, *held* erroneous.

5. INSTRUCTIONS, § 80*—*when repetition of same proposition in different instructions prejudicial.* Repeating the same propositions in different instructions and emphasizing points by repetition tends to prejudice the rights of litigants and has frequently been condemned.

6. APPEAL AND ERROR, § 1514*—*when remark of counsel in his closing argument improper.* In an action against a physician to recover damages for malpractice, a remark of counsel for defendant in his closing argument asking plaintiff why he did not sue another physician who assisted defendant in treating the plaintiff, *held* improper, and that court properly sustained objection thereto.

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.

Error to the Circuit Court of Sangamon county; the Hon. OWEN P. THOMPSON, Judge, presiding. Heard in this court at the April term, 1913. Reversed and remanded. Opinion filed October 16, 1913.

ROY M. SEELEY and W. ST. J. WINES, for plaintiff in error.

SMITH & FRIEDMEYER, for defendant in error.

MR. JUSTICE THOMPSON delivered the opinion of the court.

This is an action in case brought by George Bacon against Edmund A. Walsh, a physician and surgeon, to recover damages for alleged malpractice. A jury returned a verdict in favor of defendant. A motion for a new trial was overruled and judgment entered on the verdict. The plaintiff has sued out a writ of error to review the judgment.

Plaintiff in error, a coal miner twenty-three years of age, while working at Sherman, for the Midland Coal Company, suffered a dislocation of his left hip. Immediately after plaintiff received the injury the coal company called O. F. Shipman, a physician and surgeon residing at Sherman, and the defendant, a physician and surgeon residing at Springfield, to attend plaintiff. Both these surgeons were in the regular employ of the coal company. Dr. Shipman is a young surgeon who had only had four years of practice. Dr. Walsh had been practicing his profession fifteen years. The evidence tends to show that Dr. Shipman simply acted as assistant to the more experienced surgeon and administered the anaesthetic, while Dr. Walsh either reduced or attempted to reduce the dislocation. It is a disputed question whether the dislocation was or was not properly reduced, and there is some evidence tending to show that plaintiff about a month later fell and reinjured his hip. The plaintiff in error still suffers from a dislocation of his hip joint although defendant claims it was properly set at the

time, and several months after the dislocation was received plaintiff submitted to an operation in a hospital in an endeavor to get the joint in proper position.

It is contended on behalf of plaintiff in error that the judgment is against the manifest preponderance of the evidence. We do not deem it proper to discuss the evidence at this time for the reason the case must be reversed for error in instructions given at the request of defendant.

Several months after the treatment of the limb by defendant an X-ray photograph was taken of the joint. Plaintiff insists that the court erred in not permitting him to show to the jury the unsuccessful efforts that he made to get the X-ray plates. The defendant had nothing to do with taking the photographs and never had possession of them. There was no error in the ruling of the court.

Twenty-six instructions were given at the request of defendant in error. The eighth instruction is: "The court instructs you that by the words 'ordinary care and skill' as used in these instructions is meant that care and skill that is exercised by physicians and surgeons in this locality and of the school of which defendant belongs."

Physicians and surgeons are licensed in Illinois by the State to practice medicine and surgery, and there is no distinction made between the different schools of medicine. The record does not show to what school of medicine the defendant belongs, but whatever school that may be, the law requires that he use that degree of professional knowledge, skill and care which the average physician and surgeon in good practice would ordinarily bring to a similar case under like circumstances in that locality. *Quinn v. Donovan,* 85 Ill. 194; *Holtzman v. Hoy,* 118 Ill. 534; *Hallam & Barnes v. Means,* 82 Ill. 379; *Kruger v. McCaughey,* 149 Ill. App. 440. The insertion of the words "and of the school of which defendant belongs" is erroneous and

misleading. It limits the care and skill which he must use, not to the average ordinary care and skill of the physicians and surgeons in good practice in the vicinity of Sherman and Springfield but to the care and skill of some particular sect of physicians and surgeons in that locality. If the law was as stated in the instruction, the instruction was erroneous for the reason there was no evidence to what school the defendant in error belongs, except that he is a graduate of the medical department of the University of Illinois College of Physicians and Surgeons in the city of Chicago.

Instruction number three tells the jury that the question of whether the defendant "used that degree of care and skill ordinarily used by physicians and surgeons in the same line of practice in the same or similar localities is a question of fact to be determined from all the evidence in the case, including that of the expert testimony of the physicians and surgeons who have testified in the case to be considered with all the other evidence bearing on the question. You are therefore instructed," etc. This instruction was erroneous in particularly directing the attention of the jury to the expert testimony that had been introduced, and then following that erroneous feature with an argument.

Twelve instructions asked by the defendant in error, and given, told the jury in slightly different ways that the law puts upon the plaintiff the burden of showing by a preponderance of the evidence that defendant was guilty of the negligence alleged. There are several other repetitions of legal propositions in the instructions given at the request of defendant in error.

The practice of repeating the same propositions in different instructions and of emphasizing points by repetition tends to prejudice the rights of litigants and has frequently been condemned. *Gould v. Magnolia Metal Co.*, 207 Ill. 172; *Bartz v. Chicago City Ry. Co.*, 116 Ill. App. 554.

It is also insisted that counsel for defendant in the closing argument for the defendant made prejudicial and improper remarks in asking plaintiff why he did not sue Dr. Shipman. The court properly sustained an objection to this line of argument. Counsel, however, had the right to comment on the evidence and draw any inference therefrom that it justified. The judgment is reversed because of the errors indicated and the cause remanded.

*Reversed and remanded.*