C. T. Willard and F. C. Willard, Appellees, v. Fred C. Bristol and Cedric H. Smith, Trading as Fred C. Bristol & Company, Appellants.

Gen. No. 32,701.

Heard in the third division of this court for the first district at the April term, 1928. Opinion filed January 30, 1929.

FRISCH & FRISCH, for appellants; THEODORE J. TICKTIN, of counsel.

KNAPP & CAMPBELL, for appellees; JOHN HOWARD HERSHBERGER and RICHARD C. STEVENSON, of counsel.

MR. PRESIDING JUSTICE HOLDOM delivered the opinion of the court.

Plaintiffs brought suit in assumpsit as the indorsees and holders in due course before maturity and without notice of any defenses of a certain promissory note, dated March 23, 1926, made by the defendants as partners under the firm name of Fred C. Bristol & Company, payable 30 days after its date at Chicago Trust Company, Chicago, for the sum of $4,000, to the order of Lind Realty Company, Inc. The Lind Realty Company indorsed the note and delivered it to plaintiffs as follows: "Lind Realty Co., Inc., Samuel Bachner, Pres., John Schwartz, Sec., Samuel Bachner, J. Schwartz."

The cause went to trial on a declaration of two counts in due form declaring upon the note, and there was filed therewith an affidavit of claim stating the amount due upon the note at that time to be $4,003.54, the $3.54 being protest fees, the note not drawing interest from its date. To this declaration defendants pleaded first the general issue, and secondly special plea of payment, and a plea that the defendant Bristol was not connected with the Bristol firm. Replications to these pleas were duly filed.

Defendant Cedric H. Smith on January 21, 1928, filed an additional plea denying that he executed the note sued upon. On January 23, 1928, the case being

called for trial, counsel for defendants asked leave to file an additional plea denying the negotiation of the note in suit. This motion was denied.

The cause proceeded to trial before the court and jury. At the conclusion of the plaintiffs' case defendants moved for an instructed verdict in their favor, which was denied. At the conclusion of all the evidence the plaintiffs moved for an instructed verdict in their favor, which was allowed, and the jury were instructed to return a verdict assessing plaintiffs' damages at the sum of $4,353.54, and such verdict was returned accordingly. Defendants made motions for a new trial and in arrest of judgment, which were both denied, to which they excepted. The court thereupon entered judgment upon the verdict for the amount thereof, and defendants bring the record here for review by appeal.

Defendants assign for error and argue for reversal the refusal of the trial court to allow the filing of the proffered additional plea on the morning of the trial; and in refusing to allow "admissions against interest, both oral and written, made by the Lind Realty Co., plaintiffs' assignor, at the time it was the holder of the note" in suit; and in allowing the note in suit to be received in evidence over defendants' objection, without first requiring proof of its execution and assignment, and denying defendants' motion for an instructed verdict in their favor, and in granting the motion of plaintiffs at the close of the case for an instructed verdict in their favor.

In the trial of the cause defendants' counsel admitted that Cedric H. Smith and Fred C. Bristol were partners as Bristol & Company, and the plea of the defendant Smith that he was not a partner was waived; and it was likewise admitted that the notes signed Fred C. Bristol & Company (one of which is the note in suit) are the notes of Bristol & Company. We shall therefore pay no further heed to the arguments of defendants' counsel in attempting to negative these facts.

There was no error in the trial court's refusal to allow defendants to file additional pleas after the case was called for trial. That motion came too late because defendants, while having plenty of time in which to interpose such a plea, failed to avail of that privilege. Plaintiffs had procured the attendance of two witnesses from New York, and were ready for trial upon the issues which had remained in the case for a long time; and furthermore there was no affidavit tendered in support of the motion, assigning any reason why the application was not made at an earlier date. Such motion is addressed to the sound discretion of the court, and such ruling will not be disturbed, unless this court is able to say from the record that the court abused its discretion in denying such motion. Substantive rights may be lost by inexcusable delay. The law rewards the diligent, not the laggard. In the face of the fact that defendants had no excuse for failing to file the proffered plea before the day of the trial, and that all the representatives of Lind Realty Company were in New York and not available at the time of the trial in Chicago, and that the plaintiff was ready for trial with two witnesses on hand from New York, we think such conditions show the exercise of sound discretion by the trial court in denying the motion. While it is true defendants were willing to consent to a continuance of the case, undoubtedly indefinitely, it would not have been justice to plaintiffs, who were ready for trial with two witnesses from New York, with no intimation that a postponement would be requested on a motion to file an additional plea, to have granted such motion. If such motion had been granted, plaintiffs would have been compelled to stand the expense of the attendance of the two witnesses from New York, which, if a continuance was proper, could not have been taxed as costs. Furthermore defendants were in no position to demand such leave. There was no affidavit

setting forth any reason why the application to file such additional plea had not been made in apt time, or why the application had been postponed to the hearing. *Page v. W. F. Hallam & Co.*, 212 Ill. App. 462: *Dow v. Blake*, 148 Ill. 76.

In *City of Chicago v. Cook*, 204 Ill. 373, the court said:

"A defendant who presents such an application after the cause has gone to trial, in order to entitle the application to the favorable consideration of the court, should support the motion by showing some reasonable excuse for not having presented the defense before the calling of the cause for trial."

The evidence of defendants was properly disregarded by the court as defenses, so that when such evidence was ruled out of the case, no evidence remained to support the defense or to rebut the evidence of plaintiffs. The pleadings of defendants presented no issue for trial. The verification of the plea did not dispense with the necessity of an affidavit of merits under Section 55 of the Practice Act, Cahill's St. ch. 110, ¶ 55. The note was properly indorsed by the Lind Realty Company, by its president and secretary, plaintiffs' proof of this question not being disputed by any evidence proffered on the part of defendants. Furthermore the claims of defendants are inconsistent on this proposition, for they sought to avoid payment of the note in suit on the ground that they had before maturity paid the same to the Lind Realty Company without taking a surrender of the note, when, as a matter of fact, the evidence shows that at the time when the defendants claim to have paid the note to the Lind Realty Company, the note was in the possession of plaintiffs.

Moreover the uncontradicted evidence of plaintiffs proved that plaintiffs were the holders of the note in suit in due course, and that under the law they held such

note free from any defects in the title of prior parties, and from defenses available to prior parties among themselves except the defenses of fraud in the execution of the instrument or that the instrument was given in a gambling transaction. No attempt was made by defendants to prove any such defects. Cahill's St. ch. 98, ¶ 77; *Sherman State Bank v. Smith*, 244 Ill. App. 171. It is the law that payment of a note by the maker to the payee is no defense in an action against the maker by a holder in due course who received the note by indorsement from the payee. If the defendants did pay, as they claim, the note in suit to the Lind Realty Company before maturity, and while the note was in the possession of plaintiffs, and without procuring a surrender of the same, defendants made such payment at their own risk. Such conduct between the payee and the maker of the note does not affect the title of a bona fide holder in due course under the Negotiable Instruments Act, Cahill's St. ch. 98. Defendants can only avail of the payment of the note to the maker by proof that defendants paid the note to the payee, Lind Realty Company, before plaintiffs received the note from the Lind Realty Company. There was neither evidence nor available pleading to that purport. The evidence uncontradictedly shows that plaintiffs were holders in due course from the payee, Lind Realty Company, and that the note was taken from defendants and received by plaintiffs as a payment of $4,000 on an indebtedness owing by the Lind Realty Company to the plaintiffs in excess of $7,000. The evidence in the record sustains the contention of plaintiffs that the note was complete and regular upon its face, and that they became holders of it before maturity without notice of previous dishonor; that it was taken in good faith and for value, and that at the time the note was received by plaintiffs from defendants, they had no notice of any claimed infirmity in the instrument, nor

defect in the title of the payee, Lind Realty Company. This proof furnished every essential requirement of chapter 98, paragraph 72 of the Negotiable Instruments Act, Cahill's St. ch. 98, ¶ 77, making the plaintiffs owners of the note in due course.

The court did not err in directing the verdict and a search of the record fails to disclose any errors of procedure or in the court's directing a verdict for plaintiffs, as it did. Therefore the judgment of the superior court is affirmed.

*Affirmed.*

Wilson and Ryner, JJ., concur.