THOMAS W. BAIRD *et al.*, Appellants, *v.* WILLIAM EVANS *et al.*, Appellees.

### APPEAL FROM LA SALLE COUNTY COURT.

In an action upon an agreement, by which it was stipulated that plaintiffs should dig a stock well, break the prairie that was unbroken, build a stable, crib and bin room, and have the farm fenced with a lawful fence, and which conditions it was alleged were all performed, it was held that from the nature of the contract, that the foregoing were conditions precedent to be performed, and proof of performance of which was necessary before the rent, $400, should be required to be paid.

Before a party can recover on a contract, he must have performed his part of it, or have been ready and willing to do so, unless prevented or excused from so doing.

THE first count of this declaration was upon an agreement in writing, made between the appellants of the first part, and the appellees of the second part, by which the appellees leased to the appellants their farm, (describing it,) from the 1st of March, 1855, to the 1st of March, 1856, for the sum of $400, to be paid on the 1st day of October, 1855. By said agreement said Evans and Evans contracted to put suitable and sufficient stable room for three span of horses on said farm ; also to furnish sufficient crib and bin room for the grain raised upon said farm, and to break the prairie sod remaining then unbroken on said farm, in season to be planted in corn, provided the prairie was in suitable condition ; also, to dig a stock well, and to have said farm fenced with a lawful fence.

The plaintiffs aver that they did put on the stables, cribs and bins, and *did* break the prairie sod that remained unbroken on said farm, in season to be planted in corn, and had said farm fenced with a lawful fence, and that Baird and Graham occupied the premises during the term, and refused to pay the rent.

The second count was a common count for use and occupation.

Plea, the general issue. An agreement was made by the parties, and entered of record, that all evidence might be given under the general issue, that could be given under any well drawn special pleas.

The jury found a verdict for the plaintiffs below, for $330. A motion for a new trial was overruled.

On the trial, the plaintiffs read in evidence the agreement set out in the first count of declaration, which is as follows :

" *Eden, La Salle County, Ill.*

" Article of agreement, made and entered into between William and Jas. F. Evans of the first part, and Thomas W. Baird and Benjamin M. Graham of the second part, this the 28th November, 1854. The said Wm. and J. F. Evans, parties of the first part, agree to lease to the said Thomas W. Baird and Benjamin M. Graham, parties of the second part, their farm, described as being the north-west quarter of section ten, town. 32, range one east of the third principal meridian, from the first of March, 1855, to the first of March, 1856, in and for the consideration of the sum of four hundred ($400) dollars, to be paid on the first of October, 1855. The said parties of the first part do further agree to put suitable and sufficient stable room for three span of horses ; also to furnish sufficient crib and bin room for the grain raised upon the said farm, and

to break the prairie sod that remains unbroken on the said farm, in season to be planted in corn, provided the prairie is in suitable condition; also, to dig a stock well, and to have the said farm fenced with a lawful fence. The said Thomas W. Baird and Benjamin M. Graham, parties of the second part, do agree to pay to Wm. and J. F. Evans, parties of the first part, the four hundred ($400) dollars on the first of October, 1855, for the consideration before mentioned. The said parties agree that either of the parties shall be entitled to the pasture of the stalks, when the ground is in a suitable condition."

GLOVER & COOK, for Appellants.

LELAND & LELAND, for Appellees.

WALKER, J. This was an action of assumpsit, brought in the La Salle County Court, by William and James F. Evans against Thomas W. Baird and Benjamin M. Graham. The declaration contained a special count, upon an agreement in writing made between the parties plaintiff, of the one part, and defendants, of the other part, by which the plaintiffs leased their farm to defendants, from the 1st of March, 1855, to the 1st of March, 1856. The plaintiffs contracted to put suitable stable room for three span of horses on the farm; to furnish crib and bin room for the grain raised on the farm; to break the prairie sod which was unbroken on the farm, in season to be planted in corn, provided the prairie was in suitable condition; also, to dig a stock well, and to have the farm fenced with a lawful fence. For the rent of which the defendants were to pay $400, on the 1st day of October, 1855. The plaintiffs aver that they had fully complied with their part of the agreement, and defendants had not paid the rent.

The second count was for use and occupation, in the usual form.

The defendants pleaded the general issue, and it was agreed that any evidence might be given under it which would be admissible under well drawn pleas. A trial was had before the court and a jury, and verdict for plaintiffs for $330. Defendants entered a motion for a new trial, which was overruled, and judgment rendered on the verdict.

The evidence shows, without any conflict, that plaintiffs did not dig the stock well, and did not break all of the sod prairie, as averred in the declaration, and as they were bound by their contract read in evidence on the trial:

On the trial, the defendant Baird asked, and the court refused to give, the following instruction to the jury:

" The conditions in the agreement by which the plaintiffs were to dig the stock well, break the prairie that was unbroken upon the premises, to build the stable, crib and bin room, and to have the farm fenced with a lawful fence, are conditions precedent, to be performed within a reasonable time, taking into consideration the nature of the contract, and before the time of payment of the $400 mentioned in the agreement could be demanded ; and the plaintiffs having alleged, in. their count in the declaration upon the agreement, a full performance of the conditions therein contained, to be performed on the part of the plaintiffs, they must prove such performance of the conditions of the agreement in order to recover upon the agreement."

The law is well settled, that before a party can recover on a contract, he must have performed his part of the contract, or have been ready and willing to perform, or have been prevented or excused from its performance by the other party. 1 Chit. Pl. 351 ; *Taylor* v. *Beck*, 13 Ill. R. 387. The plaintiffs, in their first count, had averred a full performance, and the evidence showed a failure to perform their part of the contract. The averment was material, and to entitle them to recover on the special count, they were bound to prove the performance as averred. The instruction only related to the right to recover on the agreement declared on in the special count, and did not question their right to recover on the count for use and occupation ; and it should have been given. Had it been to the whole right of action under both counts, it would have been different. No error is perceived in the admission or rejection of evidence, or the giving or refusing the various other instructions in the case. For the refusal to give the defendant Baird's first instruction, the judgment of the court below should be reversed and cause remanded.

*Judgment reversed.*