## THE FRANKLIN INSURANCE COMPANY OF INDIANAPOLIS

### *v.*

## PATRICK SMITH.

PLEADING AND EVIDENCE—*variance.* If a party, in suing upon a policy of insurance or other written contract, sets out the same *in hæc verba*, he must be strictly accurate. If that offered in evidence is variant, it is error to admit it in evidence if objected to on that ground.

APPEAL from the City Court of East St. Louis.

Messrs. C. W. & E. L. THOMAS, for the appellant.

Mr. CHIEF JUSTICE SHELDON delivered the opinion of the Court:

This was an action upon a policy of insurance, to recover for a loss by fire. The plaintiff below recovered, and the defendant appealed.

We find it necessary to notice but one of the errors assigned for the reversal of the judgment: the one respecting a variance.

The declaration contains but one count, and purports to set out the policy of insurance in *hæc verba.* One of the conditions of the policy of insurance is set out in the declaration as follows: "The company may, at any time, cancel this policy, returning the unexpired premium *pro rata*, and the assured may cancel by paying customary short rates for the *unexpired* time." As it appears in the policy of insurance, the condition is as follows: "The company may, at any time, cancel this policy, returning the unexpired premium, and the assured may cancel by paying customary short rates for the *expired* time."

Upon offering in evidence on the trial the policy of insurance, the defendant objected to its introduction because it was not the one set out in the declaration; but the objection was overruled, and the policy of insurance was read in evidence, defendant, at the time, excepting. A motion for a new trial, made by the defendant, was also overruled, one ground of the motion being the admission of improper evidence.

Setting out a written instrument, "in the words and figures following," binds to an exact recital. 3 Stark. Ev. 1587.

In the case of *Sheehy* v. *Mandeville*, 7 Cranch, 217, Chief Justice MARSHALL uses the following language upon this subject: " One of these rules (of law) is, that in all actions on special agreements or written contracts, the contract given in evidence must correspond with that stated in the declaration. The reason of this rule is too familiar to every lawyer to require that it should be repeated. It is not necessary to recite the contract in *hæc verba*, but if it be recited the recital must be strictly accurate. If the instrument be declared on according to its legal effect, that effect must be truly stated. If there be a failure in the one respect or the other, an exception for the variance may be taken, and the plaintiff can not give the instrument in evidence."

There was error in the admission in evidence of the policy of insurance and overruling the motion for a new trial, for which the judgment must be reversed and the cause remanded.

*Judgment reversed.*