## Edward H. Sherburne, Appellant, v. Charles J. McGuire, Appellee.

### Gen. No. 21,346. (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. CLINTON F. IRWIN, Judge, presiding. Heard in this court at the October term, 1915. Affirmed. Opinion filed January 17, 1916.

### Statement of the Case.

Action of trespass by Edward H. Sherburne, surviving plaintiff, against Charles J. McGuire, defendant, for breaking the close of plaintiff and digging and carting away the soil from his land. From a judgment for plaintiff for $34.20, plaintiff appeals.

Defendant admitted the trespass and the carrying away from plaintiff's land fifteen wagons of soil, containing two cubic yards per wagon, while plaintiff insisted that defendant carried away two hundred loads of soil. The admitted value of such soil was $1.14 per cubic yard.

JUDAH, WILLARD, WOLF & REICHMANN, for appellant.

CHARLES P. MOLTHROP, for appellee.

MR. JUSTICE HOLDOM delivered the opinion of the court.

### Abstract of the Decision.

1. APPEAL AND ERROR, § 1748*—*when judgment based upon verdict will be affirmed.* The Appellate Court will not disturb a judgment resting upon the verdict of a jury unless it is apparent from all the evidence that the verdict is clearly contrary to its preponderating force, or that the rulings of the court in its procedure and in its instructions were calculated to mislead the jury to the complaining party's injury.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

2. TRESPASS, § 49*—*sufficiency of evidence as to amount of soil taken.* In an action of trespass for breaking the close of plaintiff and digging and carting away soil from plaintiff's land, evidence *held* sufficient to sustain a finding that the amount of soil taken and its value was as claimed by defendant.

3. TRESPASS, § 48*—*when penal ordinance prohibiting removal of soil inadmissible.* An ordinance of the City of Chicago, section 1495 of the Revised Municipal Code, providing for a penalty for the offense of unlawfully taking away earth from the land of another without first obtaining a permit, is inadmissible in evidence in an action of trespass for breaking the close of plaintiff and digging and carting away soil from plaintiff's land.

4. TRESPASS, § 48*—*when evidence of obtaining permit to dig and cart away soil immaterial.* In an action of trespass for breaking the close of plaintiff and digging and carting away soil from plaintiff's land, evidence that defendant obtained a permit to take away the soil is immaterial in the absence of proof that such permit was obtained from the owner of the land.

5. APPEAL AND ERROR, § 1466*—*when admission of immaterial evidence harmless error.* The admission, in an action of trespass for breaking the close of plaintiff and digging and carting away soil from plaintiff's land, of immaterial evidence as to having obtained permit from one other than the owner of the soil pilfered, was harmless error where the question involved was as to the amount of the soil taken.

6. TRESPASS, § 48*—*when evidence of arrest of defendant's employees for taking soil irrelevant.* In an action of trespass for breaking the close of plaintiff and digging and carting away soil from plaintiff's land, evidence that some of defendant's employees were arrested for purloining soil from land of plaintiff was irrelevant, the only issue being the amount of the soil taken.

7. TRESPASS, § 48*—*when evidence that person not employed by defendant took soil admissible.* In an action of trespass for breaking the close of plaintiff and digging and carting away soil from plaintiff's land, in which the issue is to the amount of soil taken, evidence that men who were not servants or agents of defendant dug and carted away soil of plaintiff's is admissible to rebut any inference that such men were acting for defendant, so that he should be charged with the soil removed by them.

8. APPEAL AND ERROR, § 524*—*when objection to argument of counsel insufficient.* A general objection to the argument of counsel at the end thereof is insufficient, as objections should be specific so that the court may be able to rule thereon.

9. INSTRUCTIONS, § 96*—*when instruction on credibility of witness*

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

*correct.* An instruction that if the jury believed from the evidence that any witness had sworn falsely as to any material fact in issue then the entire testimony of the witness might be disregarded, except in so far as corroborated by other credible evidence or by facts or circumstances proved on the trial, approved.