## E. L. Brown, Appellee, v. John L. Paraham Hat Company, Appellant.

### (Not to be reported in full.)

Appeal from the Circuit Court of Pope county; the Hon. WARREN W. DUNCAN, Judge, presiding. Heard in this court at the October term, 1915. Affirmed. Opinion filed April 17, 1916.

### Statement of the Case.

Action of attachment by E. L. Brown, plaintiff, against the John L. Paraham Hat Company, defendant, in the Circuit Court of Pope county, to recover for salary. From a judgment of $93.75 for plaintiff, defendant appeals.

GEORGE B. BAKER, for appellant.

W. H. MOORE and CHARLES DURFEE, for appellee.

MR. PRESIDING JUSTICE HIGBEE delivered the opinion of the court.

### Abstract of the Decision.

1. APPEAL AND ERROR, § 592*—*when motion for new trial prerequisite to review.* In a jury trial the errors relied on for reversal must be brought to the notice of the trial court by a motion for a new trial so that they may be there corrected.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

2. APPEAL AND ERROR, § 863*—*what does not constitute part of record*. Matters copied into the transcript by the clerk and not certified to by the judge are not part of the record on review.

3. APPEAL AND ERROR, § 592*—*what grounds for reversal considered*. No grounds of reversal other than those set out in the motion for a new trial will be considered in reviewing the judgment of the trial court.

4. APPEAL AND ERROR, § 800*—*when bill of exceptions must contain motion for new trial*. The only way in which the Appellate Court can properly learn whether or not the reasons for a motion for a new trial are set out in the motion is through the bill of exceptions.

5. APPEAL AND ERROR, § 1339*—*when presumed that trial court properly overruled motion for new trial*. Where the grounds on which a motion for a new trial is based do not appear in the bill of exceptions, it is to be presumed that the trial court properly overruled the motion.

6. APPEAL AND ERROR, § 1303*—*when presumed that evidence sufficient to support verdict and judgment*. Where the grounds of a motion for a new trial do not appear in the bill of exceptions, it must be presumed that the evidence is sufficient to support the verdict and judgment.

7. APPEAL AND ERROR, § 1313*—*when presumed that remarks of trial court did not affect verdict*. Where objection is made to remarks of the trial court alleged to be prejudicial, and such remarks do not appear in the bill of exceptions, it will be presumed that the remarks complained of did not affect the verdict.

8. MASTER AND SERVANT, § 84*—*when evidence sufficient to sustain verdict in action for salary*. In an action to recover for salary, where the evidence was conflicting, a verdict for plaintiff *held* sustained by the evidence.

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.