# The People of the State of Illinois for use of School District 43, Appellant, v. John W. Roy, Appellee.

1. SCHOOLS AND SCHOOL DISTRICTS—*when township treasurer not liable for failure to furnish correct statement of financial condition of schools.* In an action by the People for the use of a school district, to recover of the defendant, who was township treasurer, the amount which the district lost from the distributive school fund for the year, where plaintiff claimed that the defendant assumed the duty of making a statement of the condition of the schools in a part of the district in question, and that in the report the names of 308 children under twenty-one years of age were omitted from the report and that through such omission the school lost its *per capita* share of said fund, section 36 of chapter 122, Hurd's Rev. St. (J. & A. ¶ 10057), providing that trustees of schools of each township should prepare, or cause to be prepared, by the township treasurer or other person, and forwarded to the county superintendent, a statement exhibiting the condition of the schools, etc.,

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

considered, and *held* that under such section it was not the duty of the treasurer to prepare any such statement unless he was directed or requested so to do by the trustees, and therefore he was not liable under section 264 of said chapter (J. & A. ¶ 10302) for failing to perform a duty required of him, although he voluntarily furnished an incorrect statement.

2. PROCESS, § 35*—*when personal service is necessary.* Where the statute provides no way in which a notice or instrument may be served, personal service is required, and notice by mail is not sufficient.

3. EVIDENCE, § 23*—*when insufficient to create presumption as to mailing of document.* Testimony of a witness that it seemed to him that he had sent a certain document by mail, *held* not even definite enough to create a presumption that the witness mailed the document, and if it were to be assumed upon such testimony that such document was mailed, and then that it was received, a presumption upon a presumption would thus be created.

4. PLEADING, § 285*—*when refusal to grant leave to file additional count at close of testimony is not error.* The refusal to grant leave to file an additional count at the close of the testimony in a case, *held* not error, where such count was not materially different from the one upon which the case was tried and where no reason was shown why the count was not filed earlier.

Appeal from the Circuit Court of Union county; the Hon. A. W. LEWIS, Judge, presiding. Heard in this court at the March term, 1917. Affirmed. Opinion filed June 18, 1917.

JAMES LINGLE, for appellant.

BARR & FEIRICH, for appellee.

MR. PRESIDING JUSTICE McBRIDE delivered the opinion of the court.

This action was instituted by appellant to recover $471.64 from appellee, and it is charged that appellee assumed the duties of making a statement of the condition of the schools in that part of School District 43 lying and being within Township 12, Range 1 West, and that in the report made by him to the school superintendent that the names of 308 children under the

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

age of twenty-one years, consisting of 152 boys and 156 girls, were omitted from this report, and that by such omission the school district lost its *per capita* share of the distributive school fund for the year.

It appears from the evidence that between May 20th and May 31st of the year 1915, J. L. Nusbaum was employed by appellant to take the census for School District 43, and that in the taking of such census a separation was made of the children under twenty-one years of age in said district located in Township 12—2 and those located in Township 12—1, and that he turned the work over to Thomas J. Glasscock, who was clerk of the school board of said district 43, but Thomas Glasscock is not certain that he delivered or mailed this report to the appellee; appellee denies that he ever received the report from Glasscock. At the conclusion of all the evidence the court directed a verdict for the defendant, the appellee here.

It is insisted by counsel for appellant that the court erred in directing a verdict for the appellee, and this is the principal contention of appellant in this case. Counsel for appellant cites three sections of the statute which he relies upon as giving appellant the right to recover.

The first section cited is section 14 of chapter 122 of Hurd's Revised Statutes (J. & A. ¶ 10035), which provides: "Upon the receipt of the amount due the county from the State school fund, the county superintendent shall apportion the same, together with other funds held for distribution, to the townships and parts of townships in his county in which schools have been maintained as provided by law, according to the number of persons under 21 years of age returned to him, and shall pay the distributive share belonging to each township and fractional township to the respective township treasurers, or other authorized persons, annually," etc.

The next section quoted is 36 of the same chapter (J. & A. ¶ 10057), which provides: "The trustees of schools of each township in this State shall prepare, or cause to be prepared, by the township treasurer, the directors of the several districts, or other person, and forward to the county superintendent of the county in which the township lies, on or before the 15th day of July, annually, and at such other times as may be required by the county superintendent of schools. or by the superintendent of public instruction, a statement exhibiting the condition of the schools in their respective townships for the preceding year, commencing on July 1st and ending June 30th, which statement shall be in the form, and shall contain the information required by the superintendent of public instruction. Any township from which such report is not received in the manner and time required by law, shall forfeit its portion of the distributing fund for the next ensuing year."

The other section referred to provides: County superintendents, trustees of schools, township treasurers and directors, or either of them, or any other officer having charge of the school funds or property, shall be pecuniarily responsible for all losses sustained by any county or township fund, by reason of any failure upon his or their part to perform the duties required of him or them by the provisions of this act, or by any rule or regulation authorized to be made by the provisions of this act, and each and every one of the officers aforesaid shall be liable for any such loss sustained as aforesaid, and the amount of such loss may be recovered in a civil action brought in any court having jurisdiction thereof, at the suit of the People of the State of Illinois for the use of the county, township or fund injured," etc. [J. & A. ¶ 10302.]

The case was tried by counsel for appellant and appellee upon the theory that the statement of the

condition of the schools in their respective townships as set forth in section 36, above, required the treasurer to furnish the names of the pupils under twenty-one years of age to the school superintendent. It will be observed that section 36 provides that: "Trustees of schools of each township in this State shall prepare, or cause to be prepared, by the township treasurer, the directors of the several districts, or other person, and forward to the county superintendent of the county in which the township lies, on or before the 15th day of July, annually," etc., a statement exhibiting "the condition of the schools."

There is nothing in this record that shows any action whatever upon the part of the trustees of schools authorizing a preparation of this statement, but it does appear that the statement was prepared under the direction of the clerk of the school board of appellant. It nowhere appears that the appellee was directed or required by the trustees of schools to prepare such statement, or to forward it to the school superintendent. We have examined the statute with reference to the duties of the treasurer, and nowhere find, and none has been pointed out to us, wherein the statute requires the treasurer to prepare and deliver this statement to the school superintendent unless he is required or requested so to do by an order of the trustees. Section 264, above referred to, creates a liability upon the officer where he fails to perform a duty required of him by the provisions of this act, or by any rule or regulation authorized thereby. It is charged in the declaration that the appellee assumed to make this report, and that by reason of having assumed to make the report that he became liable. The report made by him was, so far as disclosed by this record, purely a voluntary matter, and unless the trustees had authorized or directed him to prepare such report, we are unable to see that his failure to forward to the school

superintendent the number of school children under twenty-one years of age in the district would make him liable for such failure. Section 12 of the same chapter (J. & A. ¶ 10033) provides: "In all cases in which the trustees of schools of any township shall fail to prepare and forward, or cause to be prepared and forwarded to the county superintendent, the information required of them by this act, it shall be the duty of the county superintendent to employ a competent person to take the enumeration and furnish such information, as far as practicable," and then provides that the person so making the enumeration shall be paid out of the funds therein specified. The township treasurer was not required himself to take enumeration of the pupils under twenty-one years of age. Even if it was his duty, when furnished with a list of the children under twenty-one years of age, to forward such to the county superintendent, we do not believe that this record discloses that he was so furnished with such list, and, if not furnished with such list, then no right of action would accrue against appellee for failing to deliver a list of such children to the school superintendent.

It appears from the testimony that appellant, by Glasscock the clerk of its board, employed Nusbaum to take this census, which he says he did, and delivered it to Glasscock. Glasscock does not claim that he delivered the census so taken to the appellee, but says in his testimony upon his examination in chief: "Well, as I think back over the matter it seems to me I reported to both treasurers the number of pupils in their townships." And again he says: "Well it is a matter that has passed out of my mind entirely; when looking back over it and thinking back over it, it seems that I sent the report by mail"; and upon cross-examination he is asked: "Do you now have a definite recollection you did mail him this, as to whether or not you have any definite recollection about it?" Answer, "No, I could not state it that way."

The statute does not provide the manner in which this report shall be delivered or forwarded to the superintendent of schools, and it has been held in many cases with reference to notices and other legal instruments that where the statute provides no way in which such notice or instrument may be served, that personal service is required and notice by mail not sufficient. *Haj v. American Bottle Co.*, 261 Ill. 362. Waiving this, however, the mailing of the instrument creates only a presumption of delivery, and is only prima facie evidence thereof. *Equitable Life Assur. Soc. of U. S. v. Frommhold*, 75 Ill. App. 43. In order to create even a presumption there must be some certainty about the facts upon which this presumption is based. "No inference of fact or of law is reliable drawn from promises which are uncertain." *Globe Accident Ins. Co. v. Gerisch*, 163 Ill. 625. Facts upon which an inference may legitimately rest must be established by direct evidence as if they were the very facts in issue. 16 Cyc. 1051.

The evidence of Glasscock as to the mailing of this report is very indefinite and uncertain, and is not definite enough to even create a presumption that he mailed it; it is simply a conclusion that he came to himself, and he says he has no recollection of the transaction. If we were to assume that Glasscock mailed this report to the county superintendent from his statements and then presumed that the report was received by the appellee, it would, in our judgment, be of that uncertain and indefinite character which the law denounces as creating a presumption upon a presumption which cannot be done. *Condon v. Schoenfeld*, 214 Ill. 226.

It is insisted that the trial court had to weigh the testimony of appellee and Glasscock in order to determine whether or not the report was received by appellee. We do not believe that such is the case, as

we think from the statements made by Glasscock that the court could not say the report was mailed by him, and in the letter written by appellee to the State superintendent, in which this matter was referred to and invoked here by appellant as corroborative, the appellee expressly stated that the report had not been delivered to him.

It is also urged that the court erred in refusing to permit appellant to file an additional count at the close of its testimony. The count, as presented, was not materially different from the one upon which the case was tried except that it undertook to prescribe negligence to the appellee in the performance of his duty without showing by this count that the duty devolved upon appellee, and in addition to this there was no reason shown why the additional count was not filed prior to the commencement of the trial, and under such circumstance it was a matter of discretion with the court as to whether or not he should be permitted to file it. *City of Chicago v. Cook*, 204 Ill. 374.

We are of the opinion that the court did not err in directing a verdict for the appellee under the facts and circumstances as shown by the evidence in this case, and the judgment of the lower court is affirmed.

*Affirmed.*