**F. E. Nellis, trading as F. E. Nellis. & Company, Appellee, v. Grand Trunk Western Railway Company, Appellant.**

**Gen. No. 25,746.**

1. CARRIERS, § 138*—*what evidence is inadmissible in action for injury to goods.* In an action against a railroad for breach of contract to safely carry a shipment, evidence of diversion orders, showing a contract between the parties different from the contract as averred in the declaration, is inadmissible.

2. PLEADING, § 404*—*what evidence is admissible under pleadings.* The plaintiff must prove his case as alleged in the declaration.

3. CARRIERS, § 66*—*when diversion of goods causes new contract.* A written order by a consignee, diverting a shipment to a new destination upon its arrival at the destination named in the original contract of carriage, creates a new contract of carriage.

Appeal from the County Court of Cook county; the Hon. J. J. COOKE, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1919. Reversed and remanded. Opinion filed January 28, 1921.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number,

**Statement by the Court.** By this appeal the defendant railway company seeks to reverse a judgment against it for $401.70 rendered by the county court of Cook county in an action in assumpsit.

Plaintiff's declaration consisted of three special counts. In each count it is alleged, in substance, that on August 20, 1916, defendant was a common carrier from Turlock, California, to Chicago, Illinois; that on said date, at said Turlock, plaintiff delivered to defendant in good order, and the latter for a certain reward accepted, 733 packages of cantaloupes, to be safely carried from said Turlock and safely delivered to plaintiff at Chicago. In the first count it is charged that defendant, not regarding its promise, so negligently carried the cantaloupes that when they were delivered to plaintiff at Chicago they were found to be in a damaged condition and plaintiff suffered loss, etc. The second count alleged the making of a written contract between the parties for the safe carriage by defendant of the cantaloupes from said Turlock to Chicago, and the breach thereof occasioned by defendant's negligence. The third count charges negligent delay in transit.

With the declaration plaintiff filed a bill of particulars, in which it is stated, in substance, that his claim is for damages on said shipment of cantaloupes from Turlock on August 20, 1916, in car P. F. E. 13088, via defendant to Chicago, where they arrived September 21, 1916; that said damages were incurred by reason of defendant's failure to exercise proper care during the part of the transit while the cantaloupes were on its line, and by reason of unreasonable delay in said transit on its line; that the reasonable cash market value of the cantaloupes at the time and in the condition they should have arrived at Chicago was $1,234.25; that such value at the time and in the condition they actually arrived was $832.55; and that the amount of plaintiff's damages is the difference between

said sums, or the sum of $401.70. To plaintiff's declaration defendant filed a plea of the general issue.

On the trial plaintiff's attorney, instead of attempting to prove a contract between the parties and defendant's promise to safely carry the cantaloupes from said Turlock, California, and to safely deliver them to plaintiff at Chicago, as alleged in the several counts of the declaration, introduced the following stipulation:

"That diversion orders, in writing, were received by the duly authorized agent of the said defendant upon the dates shown therein, as per carbon copies of said written diversion orders attached hereto and marked Plaintiff's Exhibits 1 and 2; and that said exhibits may be offered in evidence upon any trial of this case by either party hereto without laying any further foundation therefor, *and subject only to the objections of materiality and relevancy.*"

Thereupon plaintiff's attorney offered said diversion orders in evidence. Defendant's attorney objected to their being admitted "because they are at variance with the averments in the declaration in that the declaration avers a breach of a contract to carry the cantaloupes from Turlock, California, to Chicago, and the orders count on an alleged direction to haul the same cantaloupes from Chicago to New York, and then changed back to Chicago." The court overruled the objection and said orders were admitted in evidence. The first order (plaintiff's exhibit 1) is signed by plaintiff, is addressed to "J. B. Crawford, Supt. Trans. P. F. E. Co., R. R. Co., Chicago," and is dated "Chicago, Aug. 28, 1916." It directed that the present billing of "Car No. 13088 P. F. E.," dated "8/20," shipped from Turlock and consigned to plaintiff at Chicago, and "now routed via S. P. U. P. C., M. & St. P." be changed to read "Consignee, Messrs. Egan & Fickett Co., New York. * * * Route via G. T. Erie. * * * Car is now at Chicago. Keep fully iced." The second order (plaintiff's exhibit 2) is also

signed by plaintiff, is also addressed to said J. B. Crawford, is dated August 30, 1916, and refers to a telephone conversation had that afternoon relative to a car "P. F. E. 13088, now at Elsdon, Illinois, on the Grand Trunk Railway, being transferred in N. Y. D. R. L. car 13739 on account of it being in bad order," and to the shipment being "now consigned to Messrs. Egan, Fickett & Co., New York"; and the order concludes: "Kindly redivert same to F. E. Nellis & Co., Chicago, via the Grand Trunk, for team track delivery."

Plaintiff's evidence further disclosed, in substance, that the Tidewater Southern Railway was the initial carrier; that the cantaloupes were shipped from Turlock, California, on August 20, 1916, consigned to plaintiff at Chicago, and were routed via Tidewater Southern, Oregon Short Line, Union Pacific, and Chicago, Milwaukee & St. Paul Railways; that they arrived in Chicago on August 28, 1916, in car P. F. E. 13088, over the Chicago, Milwaukee & St. Paul Railway, on which day they were examined on the Kinzie street tracks of that railroad company by an agent of plaintiff, named Prevost, who testified that they were then in "first-class condition," and that the ice bunkers of the car were then about "seven-eighths full of ice"; that after said car arrived in Chicago it was diverted in accordance with the first diversion order (plaintiff's exhibit 1) and was delivered to defendant at Elsdon, Illinois, at 6 o'clock p. m. on August 29, 1916, from the Chicago, Milwaukee & St. Paul Railway, via the Belt Railway; that thereafter a car inspector of defendant inspected the car and found it to have certain defects, which existed at the point of origin and which rendered the car unfit to run through to New York, and the cantaloupes were transferred to the other car mentioned in said second diversion order (plaintiff's exhibit 2); that while the transfer was being made, plaintiff's said agent, Prevost, again

examined the cantaloupes on the afternoon of August 30, 1916, and he testified that they were then "over-ripe, soft and showed some bruises," that "there were approximately 25 crates which were broken and laid aside to be recoopered," that the ice bunkers of both cars "were about half full of ice," and that the outside temperature was then about 90 degrees; that later on the same afternoon plaintiff signed and delivered to defendant said second diversion order; that in accordance therewith defendant thereafter hauled said other car containing said cantaloupes to its team track in Chicago; that plaintiff's said agent, Prevost, again examined the cantaloupes in said other car on said team track on September 1, 1916, and he testified that they then "were over-ripe, soft, showing some bruises," that the ice bunkers were then "about one-fourth full of ice," and that the temperature of the lower portion of the cantaloupes in the car was 54 degrees and in the top tiers was 56 degrees; and that plaintiff unloaded the cantaloupes from the car, took them to his Chicago store, and on September 2, 1916, sold them in front thereof for the sum of $832.55, the same being their full market value in their then condition. Plaintiff made claim on defendant on November 29, 1916, for the alleged loss, substantially as stated in its bill of particulars. The testimony of plaintiff's witness, Hanson, tended to show that if the cantaloupes were in good order and sound condition in a refrigerator car on August 28, 1916, and 3 days later were found not to be, the change in condition was due to lack of proper refrigeration, and that to properly preserve cantaloupes in a refrigerator car the ice bunkers should not be less than three-fourths full at all times, and that the temperature of the cantaloupes should not be higher than 45 degrees.

At the close of plaintiff's evidence defendant moved the court to exclude all of plaintiff's evidence upon the ground that the contract set up in the declaration

Vol. CCXX 29

had not been proven, because plaintiff's evidence showed a change from the contract alleged "to one to haul the cantaloupes from Chicago to New York and then back to Chicago." This motion, and another one to instruct the jury to return a verdict in favor of defendant, were denied.

Patrick Ryan was the only witness for defendant. He testified, in substance, that he was employed by defendant as transfer foreman; that he recalled making a transfer of cantaloupes on August 30, 1916, from car P. F. E. 13088, which came from Turlock, California, to said other car; that at the time of the transfer 23 crates were broken, that in 10 crates the cantaloupes were damaged, that all through the first car the cantaloupes were soft; that said other car was cleaned and after the transfer was sealed; and that before the transfer the bunkers in said other car were full of ice.

At the close of all the evidence defendant renewed its motion to have the court instruct the jury to return a verdict in favor of defendant, but the motion was again denied, and the jury returned a verdict finding the issues for plaintiff and assessing his damages at $401.70, the amount claimed in the bill of particulars, upon which verdict the judgment appealed from was entered.

KRETZINGER, KRETZINGER & SMITH, for appellant; L. L. SMITH, of counsel.

CHARLES A. BUTLER, for appellee.

MR. JUSTICE GRIDLEY delivered the opinion of the court.

Various points are here urged by counsel for defendant as grounds for a reversal of the judgment. Counsel's main point is, however, that the court erred in admitting in evidence the said diversion orders

(plaintiff's exhibits 1 and 2), because they showed a contract between the parties different and at variance with the contract as averred in the several counts of the declaration, and in not granting defendant's motion, made at the close of plaintiff's testimony, to exclude all of plaintiff's evidence because of such variance. We are of the opinion that the point is well taken.

It is well-settled law that a plaintiff must prove his case as alleged in his declaration. (3 Hutchinson on Carriers, sec. 1326; *Central Railroad & Banking Co. v. Tucker,* 79 Ga. 128; *Franklin Ins. Co. of Indianapolis v. Smith,* 82 Ill. 131, 132.)

In the present case, though no bill of lading was introduced in evidence, plaintiff's evidence showed that the cantaloupes were carried from Turlock, California, to Chicago, Illinois, over several different connecting railways, of which defendant was not one, in car P. F. E. 13088, under a contract, made August 20, 1916, for their safe carriage and safe delivery to plaintiff at Chicago, to which contract defendant was not a party; that the Tidewater Southern Railway was the initial carrier and the Chicago, Milwaukee & St. Paul Railway the delivering carrier; that the car arrived in Chicago and was placed on the Kinzie street tracks of the latter railway on August 28, 1916,—the contents of the car then being ready for delivery to plaintiff; that after such arrival and on the same day plaintiff, by written order, diverted said car to a new consignee in New York; that in accordance with said order the Chicago, Milwaukee & St. Paul Railway caused the car to be delivered to defendant at Elsdon, Illinois, on the evening of August 29, 1916, and defendant accepted it to be hauled to New York; and that on August 30, 1916, plaintiff, by written order, directed that the cantaloupes, which had in the meantime been transferred to another car, be returned to plaintiff at Chicago via the defendant railway. We think that when

the car P. F. E. 13088 arrived on the Kinzie street tracks of the Chicago, Milwaukee & St. Paul Railway, the original contract of carriage made August 20, 1916, was completed, and that, when said car was diverted to New York by plaintiff's written order, dated August 28, 1916, which order was accepted and acted upon, a new contract of carriage was made. (*Deatwyler v. Oregon R. & Nav. Co.*, 176 Ill. App. 597, 602; 2 Hutchinson on Carriers, sec. 660.)   Plaintiff, in all counts, declared on the original contract of carriage, made August 20, 1916, but the diversion orders offered and admitted in evidence over defendant's objection, and other evidence, disclosed a case at variance with the averments of the declaration.

In view of our holdings, requiring the reversal of the judgment and the remanding of the cause, it is unnecessary for us to discuss the other points urged (1), that there is no evidence that the cantaloupes were in good condition when delivered to defendant from the Chicago, Milwaukee & St. Paul Railway, via the Belt Railway, and (2), that after defendant received the order to redivert the cantaloupes back to Chicago it held them, not as a common carrier, but as a warehouseman.

*Reversed and remanded.*

Barnes, P. J., and Matchett, J., concur.