# THE GUILFORD BUILDING COMPANY

*vs.*

## WILLIAM Y. GOLDSBOROUGH.

*Landlord and Tenant—Uncompleted Apartment—Effect of Entry.*

Where the lease of an apartment in a building in course of construction provided that the monthly rent named should begin from completion of the apartment, the fact that the lessee took possession before the apartment was completed did not impose on him liability for such rent from the time of his taking possession, but he was liable only for the fair value of his use and occupation of the unfinished apartment.

*Decided January 12th, 1922.*

Appeal from the Circuit Court of Baltimore City.

Bill by William Y. Goldsborough against The Guilford Building Company. From a decree for plaintiff, defendant appeals. Affirmed.

The cause was argued before BOYD, C. J., BRISCOE, PATTISON, URNER, STOCKBRIDGE, ADKINS. and OFFUTT, JJ.

*Clifton S. Brown,* with whom was *E. J. W. Revell* on the brief, for the appellant.

*Albert S. J. Owens* and *Alva A. Lamkin,* for the appellee.

URNER, J., delivered the opinion of the Court.

The appellee, having been duly notified to vacate the rented quarters he was then occupying, agreed, on August 18th, 1920, to lease from the appellant an apartment in a building, then under construction, located at University Parkway and Guilford Avenue in Baltimore, and known as the Temple Court. The agreement was verbal, but was intended to be followed by the execution of a formal lease. It

was supposed that the apartment would be finished on or soon after the first of October, 1920, and it was agreed that the term of the tenancy should end on September 30th, 1921. The rental was at the rate of one hundred and fifty dollars per month. At the time of the agreement in August, an advance payment of one month's rent was required. The receipt given for this payment includes the statement: "Rent to begin from date of completion of apartment." The term of the appellee as tenant of the rooms in which he was then living expired on September 30th, 1920, but as the new apartment was not then ready for occupancy, he secured permission to continue his existing tenancy for a period of several weeks. The time thus allowed him having terminated, he moved into the Temple Court apartment on October 25th. At that time the work in the main hallway and on the stairs of the building was still in progress, the heating system was not completed, and one of the bathrooms, in the apartment agreed to be leased to the appellee, which consisted of three bedrooms, dining room, living room, kitchen, two bathrooms and connecting halls, was untiled and not in a condition to be used. The testimony is in conflict as to certain other particulars in which the apartment is said to have been unfinished when the appellee entered into possession under pressure of the necessity of removing from the premises he had previously occupied. It is clearly proven that the bathroom referred to was not finished until the middle of December. The hall, stairs and heating system were completed at earlier periods. The appellee's apartment is on the third floor of the building, and does not appear from the record to have been accessible otherwise than by the stairway. It was not until the early part of December that the hallway was completed. For nearly a month after the appellee moved into the building, the tile flooring in the hall and the concrete steps of the stairs were unfinished, a passage being afforded by the temporary use of boards. During the same period the hall was lighted with lanterns, the electric fixtures not yet having been installed.

Because of the conditions we have described, the appellee objected to having the rent begin to accrue prior to December 15th, while the appellant claimed that it should run from October 25th, and their inability to agree upon that subject has prevented the execution of the lease which the appellant prepared and submitted, and to which in other respects there was no objection. In this suit for specific performance, brought by the appellee, to require the execution of a lease to him by the appellant for a term beginning December 15th, 1920, and ending September 30th, 1921, it has been agreed by the parties that the issues between them shall be fully determined. To that end certain actions at law in relation to the rent and possession have been abandoned. After a hearing in the court below, it was decided that the stipulated rent of one hundred and fifty dollars per month should be computed from December 15th, but that the appellee should pay the sum of one hundred and forty dollars as a reasonable compensation for the use and occupation of the apartment for the period of about seven weeks prior to that date. A decree was passed giving effect to that conclusion, and the lessor has appealed. Pending the litigation the rent has been regularly paid except for the period in dispute.

The question presented by the record is comparatively simple. The agreement was that the rent should "begin from date of completion of apartment," and it is proven that the apartment was not in fact completed until about the middle of December. It was not until then that the bathroom to which reference has been made was finished and became available for use. Aside from consideration of the inconvenience resulting from the unfinished condition of the hall and stairway, we have the fact that the apartment itself, upon the completion of which as a whole the specified rent was to be chargeable, was not fully prepared for use prior to the time just mentioned. The bathroom was an important part of the premises for which the substantial rent of one hundred and fifty dollars per month was to be paid. There were no exceptions in the provision that the apartment should be

completed before the rent should begin to accrue. This was plainly a condition precedent, and until it was performed, the rent to which the agreement referred could not be exacted, 24 *Cyc.* 1160; 1 *Tiffany, Landl. & Ten.,* 1236; 2 *Underhill, Landl. & Ten.* (1909 Ed.), sec. 519; *Clarke* v. *Spaulding,* 20 N. H. 313; *Baird* v. *Evans,* 20 Ill. 29; *Epping* v. *Devanny,* 28 Ga. 422. The condition precedent as to the time from which the rent should be payable was not qualified by any reference to the occupancy of the premises, and we do not think that a waiver of that provision could justly be implied from the appellee's entry under the circumstances described. The New Hampshire and Georgia cases above cited furnished support to this view. In *Bonaparte* v. *Thayer,* 95 Md. 548, where there was a refusal by a tenant to sign a lease because certain repairs, said to have been promised, were not made, but he had taken possession and paid some of the monthly installments of the rent agreed upon, it was held that if there was such an agreement as the one alleged in regard to repairs, it was waived as a condition precedent to the beginning of the term. There was no stipulation in that case, as there is here, that the rent should not begin until the condition should be performed, but the question was whether the landlord's distraint for rent was illegal and actionable because the lease, which the parties had acted under, had not been formally executed. In none of the cases cited in the appellant's brief was there a condition precedent similar to the one by which the present question is controlled.

It does not follow from the views we have stated that the appellee should not be liable for the fair value of his use and occupation of the unfinished apartment. The decree appealed from recognized and enforced such a liability. The sum allowed the appellant on that account appears to have been estimated with a reasonable regard to the proven conditions. In our opinion the decision rendered by the court below gave due consideration to the rights of both parties and administered full and practical justice in the case.

*Decree affirmed, with costs*