Harry L. Hardy, Appellee, v. George Dobler and Ralph E. Johnson, Trading as Dobler & Johnson, Appellants.

Gen. No. 7,703.

Opinion filed March 14, 1928.

WALKER F. HULL and HALL & DUSHER, for appellants.

FISHER, NORTH, LINSCOTT & GIBBONEY, for appellee.

MR. JUSTICE BOGGS delivered the opinion of the court.

An action in assumpsit was instituted by appellee against appellants in the circuit court of Winnebago county, to recover for commissions alleged to be due appellee under a parol contract for planning and supervising the construction of certain buildings.

The declaration consists of one special count and the common counts. The special count avers among other things that "plaintiff then and there being a carpenter and builder by occupation, and the defendants being engaged in building and erecting houses and buildings, by a certain oral agreement then and there entered into between the plaintiff and the defendants, the defendants agreed to and did employ the plaintiff

to superintend building operations for and on behalf of the defendants, and did employ the plaintiff to act for and on behalf of the defendants in the purchasing of material, procuring contracts for material and labor in the building of buildings then in contemplation, and as compensation for such services to be rendered from time to time, the defendants agreed to pay to the said plaintiff the sum of five per cent (5%) on the cost of such building operations,'' etc.

To said declaration, appellants filed a plea of the general issue, with notice of special defenses. In said notice appellants aver in substance that an oral contract was entered into on or about January 1, 1924, in and by which appellee was to furnish cost statements to include a commission to appellee, for which he would construct certain buildings for appellants; that appellee was to order the materials, hire the labor, etc., and issue orders therefor on appellants; that appellee, as his profit, was to have the difference between said cost price and the actual cost of the labor and materials on said buildings; that pursuant thereto certain buildings were constructed, and, as to all such buildings except three, the actual cost of the same, for labor and materials, was largely in excess of the cost price given by appellee; that, including house known as number 23, for which appellee had submitted a plan, but which was not completed by him, the aggregate cost was some $11,000 more than the aggregate of the cost sheets submitted by appellee.

A trial was had, resulting in a verdict and judgment in favor of appellee for $4,190.71. To reverse said judgment, this appeal is prosecuted.

It is first contended by appellants that the court erred in denying appellants leave to file a special plea, setting forth that appellee was practicing architecture, without being licensed by the Department of Registration and Education, and that by reason thereof he was not entitled to recover in this case.

The record discloses that appellee's declaration was filed on February 10, 1925, and that appellants from time to time obtained an extension of the rule to plead and did not finally plead until August 31st of that year. The trial was begun on December 17th, and the leave to file said additional plea was applied for on December 21st, after appellee had closed his case. No showing was made for the delay in making such application. It was therefore within the sound discretion of the court to permit or refuse the filing of such additional plea. *Millikin v. Jones,* 77 Ill. 372–374; *Dow v. Blake,* 148 Ill. 76–88; *City of Chicago v. Cook,* 204 Ill. 373–375; *Goldstein v. Chicago City R. Co.,* 286 Ill. 297–301; *People v. Roy,* 206 Ill. App. 406–413. In *Dow v. Blake, supra,* the court in discussing a question of this character at page 88 says:

"It is further assigned as error that the trial court denied defendant's application to file additional pleas. The application was made only three days before the cause was reached for trial, and more than seventeen months after the issues had been made up. It was discretionary with the court to allow the pleas to be filed at a date so late in the progress of the cause, and we can not say that, under the circumstances, there was any abuse of discretion in denying the application." Citing *Brown v. Booth,* 66 Ill. 419; *Millikin v. Jones, supra; Fisher v. Greene,* 95 Ill. 94; *Chicago & E. I. R. Co. v. O'Connor,* 119 Ill. 586.

In *City of Chicago v. Cook, supra,* the court at page 375 says:

"The application for leave to file the additional plea was addressed to the discretion of the court. (*Fisher v. Greene,* 95 Ill. 94; *Dow v. Blake,* 148 id. 76; *Phenix Ins. Co. v. Stocks,* 149 id. 319; *Davis v. Lang,* 153 id. 175.) A defendant who presents such an application after the cause has gone to trial, in order to entitle the application to the favorable consideration of the

court, should support the motion by showing some reasonable excuse for not having presented the defense before the calling of the cause for trial." Citing *Phenix Ins. Co. v. Stocks, supra;* 21 Encyc. of Pl. & Pr. 686, 695.

The court did not err in denying appellants leave to file said additional plea, no showing having been made.

The record discloses that appellee constructed 24 houses for appellants, following the making of said verbal contract, and started on the erection of what is known as house 23, but, on orders from appellants, did nothing on the same after the construction of the basement. It is also contended by counsel for appellants that they are entitled to recover against appellee as on a plea of set-off, the difference between the aggregate cost of the 25 houses mentioned, and the price submitted by appellee thereon, a difference of approximately $11,000.

Under the pleadings, appellants could not recover a judgment against appellee, even on their version of the contract, as no plea of set-off was filed, and, in their notice of special defense, appellants do not ask for a recovery over against appellee.

The evidence on the part of appellee is to the effect that he was to construct certain buildings for appellants, some to be on property owned by them individually, and some to be on property owned by others; that he was to and did draw plans for such buildings, superintend the erection of the same, furnish estimates of the cost of each of said buildings, and that he was to have for his compensation therefor the sum of five per cent on the total cost for labor and materials; that, pursuant to such contract, he constructed to completion 24 buildings and entered upon the construction of what is known as house 23, but got no farther than the building of the basement or foundation; that he furnished appellants an estimate of the cost of this

building prior to entering upon its construction; that appellants had paid him something like $1,700, but had refused to make any further payments. Appellee further testified that he was not to be responsible for the cost price of the buildings, and that the statements which he furnished to appellants were his estimates of the cost of labor, materials, etc.

The evidence on the part of appellants is to the effect that appellee was to furnish them an estimate of the amount for which he would construct the buildings, and that he was to be entitled to a commission of five per cent on the first 10 buildings constructed, and four per cent on the buildings which he thereafter constructed, but which amount was to come out of the difference between the estimated cost and the actual cost of the buildings as paid by them on the orders of appellee; that if there was anything left after payment of such orders, appellee was to have the same as his profits. Appellants insist that the court erred in excluding certain testimony offered by them on the theory of a set-off, based on the alleged difference between the estimated cost as furnished by appellee and the actual cost of said buildings.

Appellants are not in a position to urge with effect this assignment of error, having failed to abstract said estimate or cost sheets. *Staude v. Schumacher,* 187 Ill. 187–188; *Gibler v. City of Mattoon,* 167 Ill. 18–22; *Traeger v. Mutual Building & Loan Ass'n,* 189 Ill. 314–316; *Kellogg Newspaper Co. v. Corn Belt Nat. Building & Loan Ass'n,* 210 Ill. 419–421.

The testimony in the record discloses that the aggregate cost of said buildings exceeded the aggregate estimated cost thereof furnished by appellee, by more than appellee's claim. The court, in the third, fourth and sixth instructions given on behalf of appellants, stated to the jury that if they found from the evidence that

appellee agreed to construct the buildings in question for the amount of the estimate furnished by him, and if they further found that the aggregate cost of said buildings over the estimate was in excess of the amount claimed by appellee, they should find for appellants. Appellants were therefore not prejudiced by the rulings of the court excluding said evidence.

Appellants also insist that the evidence discloses that appellee was performing the services of an architect in the work done for them, and that, not having a license so to do, he is not entitled to recover.

Even if it should be held that appellee was contracting to practice architecture without being licensed so to do by the Department of Registration and Education, appellants are not in a position to raise this proposition, for the following reasons:

1. We have held, on the question of denying appellants leave to file said additional plea, that this issue was not raised in apt time.

2. While the court denied the leave to file said plea, at the same time, in the instructions given to the jury at the instance of appellants, the court adopted their theory of the case, and instructed the jury that, as to any of the buildings in question, the cost of which exceeded $7,500, appellee, under the provisions of the statute (Cahill's St. ch. 10a, ¶ 4), was not entitled to recover any commission.

It is practically conceded that the cost of 22 of said buildings was less than $7,500 each. As to those, appellee was not required to be licensed, under the above section of the statute. While it is claimed that buildings 5 and 11 cost in excess of $7,500 each, appellants have not sufficiently abstracted the evidence in connection therewith for us to determine this question. None of the cost sheets on said buildings, which were offered and admitted in evidence, were abstracted. In order for us to determine with any degree of accuracy the

cost of any of said buildings, it would be necessary for us to go to the record. This, under the decisions of our Supreme and Appellate Courts, we are not required to do. *Staude v. Schumacher, supra; Gibler v. City of Mattoon, supra; Glos v. Shedd,* 218 Ill. 209–217; *Laird v. Dickirson,* 241 Ill. 380–383; *People v. Czarnecki,* 268 Ill. 278–282. Appellants are therefore not in a position to urge that appellee cannot recover for the reason that he was not a licensed architect.

It is next contended by appellants that appellee cannot recover for services rendered as an architect, under the pleadings. Appellee would not be entitled to recover under the special count of his declaration, as that was framed on the theory that he was performing the services of a contractor or builder. However, as 24 of said houses were completed at the time suit was instituted, appellee would be entitled to recover therefor under the common counts. *Peterson v. Pusey,* 237 Ill. 204–207; *Catholic Bishop of Chicago v. Bauer,* 62 Ill. 188; *Sands v. Potter,* 165 Ill. 397–407; *Union El. R. Co. v. Nixon,* 199 Ill. 235–243; *Concord Apartment House Co. v. O'Brien,* 228 Ill. 360–369. A different situation, however, obtains with reference to house 23. The evidence discloses that, shortly after appellee had started work on said house, appellants stopped him, and, according to his own testimony, he did not carry out his contract thereon, although his testimony tended to show a reasonable excuse for not having done so. However, that contract not having been executed, appellee is not in a position to recover on house 23 under the common counts. The special count alleged performance, and not a failure to perform on account of being forbidden so to do by appellants. Appellee is therefore not in a position to recover commissions on said house 23. *Baird v. Evans,* 20 Ill. 29–32; *Ayers v. City of Chicago,* 111 Ill. 406–411; *Purdy v. Hall,* 134 Ill. 298–305; *Wabash Ry. Co. v. Billings,*

212 Ill. 37–39; *Nellis v. Grand Trunk W. Ry. Co.,* 220 Ill. App. 445–451. In *Baird v. Evans, supra,* the court at page 32 says:

"The law is well settled, that before a party can recover on a contract, he must have performed his part of the contract, or have been ready and willing to perform, or have been prevented or excused from its performance by the other party. 1 Chit. Pl. 351; *Taylor v. Beck,* 13 Ill. R. 387. The plaintiffs, in their first count, had averred a full performance, and the evidence showed a failure to perform their part of the contract. The averment was material, and to entitle them to recover on the special count, they were bound to prove the performance as averred."

Appellee in his testimony estimated the cost of house 23 at $12,000, and it is practically conceded that the verdict included commissions thereon. We therefore hold that, as to house 23, appellee would not be entitled to recover a commission, as its cost, according to appellee's estimate, exceeded $7,500, and this would be true, notwithstanding the evidence discloses that appellants caused said building to be completed after appellee had been forbidden to carry out his contract on the same.

It is also insisted that the court erred in its remarks made during the trial of said cause. This matter was not brought to the attention of the court on the motion for a new trial. The error relied on for reversal must be brought to the notice of the trial court by a motion for a new trial, so that it may be there corrected. *Brown v. John L. Paraham Hat Co.,* 198 Ill. App. 623. Counsel are therefore not in a position to raise the point at this time.

It is also contended that counsel for appellee made inflammatory and prejudicial remarks in their argument to the jury at the close of the case. While the record discloses that objections to the remarks of counsel for appellee were made during the closing argu-

ment, the remarks in question are not preserved in the record. Counsel are therefore not in a position to urge with effect this assignment of error. *North Chicago St. R. Co. v. Southwick,* 165 Ill. 494–495; *Chicago City Ry. Co. v. Gemmill,* 209 Ill. 638; *Sherburne v. McGuire,* 197 Ill. App. 486.

It is also insisted that the court erred in denying the motion made by appellants at the close of appellee's evidence and again at the close of all the evidence, to exclude the evidence and direct a verdict in favor of appellants. In view of what we have already said, this point is not well taken.

It is also insisted by counsel for appellants that the court erred in giving the four instructions given on behalf of appellee, in modifying certain instructions and refusing certain instructions offered by appellants. In view of the law as laid down herein, appellants were not prejudiced by the rulings of the court on the instructions. Twelve instructions were given on behalf of appellants as tendered, and one instruction tendered by them was modified and given. These instructions submitted to the jury appellants' theory of the construction of the contract entered into by them with appellee, and as to whether the difference between the aggregate cost of the construction of said buildings was in excess of the amount claimed by appellee.

Appellee assigned cross errors, for the purpose of raising the constitutionality of the statute providing for the licensing of architects, etc., with a motion that said cause be transferred to the Supreme Court. Appellee did not raise this question in the trial court, by his instructions, on the motion for new trial, or otherwise. He is therefore not in a position to urge his motion for the transfer of the cause. *Opaque Cloth Shade Co. v. Veight,* 161 Ill. 337–338; *Board of Sup'rs of Lee County v. Commissioners of Highways,* 164 Ill. 574–575; *Cleveland, C., C. & St. L. Ry. Co. v. McGrath,*

195 Ill. 104–105; *Cummings v. People*, 211 Ill. 392–401; *Moses v. Royal Indemnity Co.*, 276 Ill. 177–178.

If appellee shall, within 20 days from the filing of the opinion herein, file a remittitur of $600, reducing the amount of the judgment rendered to $3,590.71, the same will be affirmed. Otherwise, the judgment will be reversed and the cause will be remanded.

*Affirmed with remittitur; otherwise reversed and remanded.*